RICHARD G. VANCE, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DIVISION OF MOTOR VEHICLES, AND NED J. PARSEKIAN, ACTING DIRECTOR, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 27, 1961—Decided April 10, 1961.

Before Judges CONFORD, FREUND and KILKENNY.

*Mr. John Anthony Lombardi* argued the cause for appellant.

*Mr. David J. Goldberg,* Deputy Attorney General, argued the cause for respondents (*Mr. David D. Furman,* Attorney General, and *Messrs. Peter L. Hughes, III* and *Stephen F. Lichtenstein,* Deputy Attorneys General, attorneys).

The opinion of the court was delivered by

CONFORD, S. J. A. D. Plaintiff here assails the decision of the Acting Director of the Division of Motor Vehicles on July 11, 1960, after hearing, denying a restoration of his driver's license which had been revoked July 25, 1958, after conviction June 24, 1958 in the Municipal Court of Westfield of driving a motor vehicle while intoxicated, contrary to *N. J. S. A.* 39:4–50. That conviction was affirmed on appeal by the Union County Court and the Appellate Division. In the course of the driving episode leading to the conviction plaintiff's car struck and injured two pedestrians, one fatally, the other seriously.

On May 18, 1958, approximately three months following the fatal accident, plaintiff was apprehended for driving 48 miles per hour in a 25-mile-per-hour zone and was convicted thereof May 22, 1958. Prior to these occurrences plaintiff had never been convicted of a motor vehicle offense over a period of almost 30 years as a licensed driver. A driving license is said to be essential to the conduct of his business as a florist.

The first point argued is that the Acting Director abused his discretion in denying the application. It is contended that in the light of all the attendant circumstances plaintiff was fairly entitled to a return of his license. He stresses: the Union County grand jury failed to return an indictment as to the fatality; the evidence of intoxication was not strong; the pedestrians were not crossing the street at a proper crosswalk; there was no justification for a conclusion of proximate causal relationship between the accident and plaintiff's intoxication; plaintiff's previous clean record; and his need for a license in operating his business.

It is not shown that consideration was not given by the Division to all the foregoing circumstances, as well as to the other infraction noted. Moreover, plaintiff failed to respond to a notice from the Division after the accident calling for his appearance for re-examination before the accident prevention clinic of the Division. The accident report of the Division shows that on the occasion of the fatality plaintiff by his own admission was driving 30 miles per hour in a 25-mile-per-hour zone; there were skid marks from his car of 46 feet and 39 feet; the weather was clear and the visibility good; and the impact of the blow propelled the body of the deceased pedestrian over 56 feet. The drunkometer reading of the plaintiff was 0.15 (presumption of being under influence of intoxicating liquor; *N. J. S. A.* 39:4–50.1).

There was clearly no abuse of discretion in the Acting Director's refusal to exercise his power under *R. S.* 39:5–32 to restore plaintiff's driving privileges as of the date of his determination. The decision was handed down less than a month after the expiration of two years from the date of the conviction of drunken driving, an event which mandatorily calls for a revocation of license for two years after the date of conviction, upon a first offense, and for ten years upon a second offense. *N. J. S. A.* 39:4–50. Certainly, the attendant fatality and injury, not to mention the added circumstance of the later speeding conviction,

justified a heavier period of revocation than that mandatorily called for upon a conviction for drunken driving *per se*.

The suspension or revocation of a driver's license is not necessarily punitive in purpose. It is a measure "for the prospective safety and protection of the traveling public in the nature of an auxiliary remedial sanction." *Sylcox v. Dearden*, 30 *N. J. Super.* 325, 329, 330 (*App. Div.* 1954). Under *N. J. S. A.* 39:5–30 the Director is given power, after due notice, to suspend or revoke a driver's license for any violation of the motor vehicle act "or on any other reasonable grounds." No time limitation is prescribed. Restoration of license is dependent upon the exercise of the Director's power, under *R. S.* 39:5–32, to restore a suspended or revoked license. This, too, is entirely discretionary, and is to be read *in pari materia* with *N. J. S. A.* 39:5–30 to fix as the standard for decision on the matter of restoration the reasonableness of the proposed action under all the attendant and precedent circumstances. In reviewing the exercise of discretion by the Director in the matter of revocation or suspension of driving licenses, great weight must be accorded his judgment in view of the serious public concern with the critical area of the general welfare committed to his administrative purview. We think the reasonableness of the Acting Director's decision here is self-evident.

Plaintiff argues, in the alternative, that the two-year revocation period fixed for drunken driving convictions by *N. J. S. A.* 39:4–50 is exclusive of any authority by the Director to keep a license in suspension for a longer period. We do not agree. The two-year revocation period thereby prescribed is a mandatory consequence of the conviction, not a measure of the maximum period of time the Director may keep a license in suspension on any "reasonable ground" under the separate and distinct statutory sources of the Director's own revocation and restoration powers. *N. J. S. A.* 39:5–30, *R. S.* 39:5–32, cited above. See *Kocses v. Magee*, 131 *N. J. L.* 499, 501 (*Sup. Ct.* 1944).

68

 Although the decision of the Acting Director in this case merely denies a restoration of license as of the date of decision, without more, there is an implied suggestion by plaintiff that in effect it has been determined that he may not have a restoration of license for a period of five years from the date of revocation. This is based upon a letter to plaintiff's attorney from the Chief of the Driver Improvement Section prior to the scheduling of plaintiff's hearing on his application for restoration, that "there can be no consideration toward reinstatement until a period of at least five years has expired from the date of revocation." However, plaintiff was in fact subsequently accorded a hearing, and the adverse determination thereon did not encompass any fixed period of revocation. Consequently, there has been no such decision by the Acting Director, and we are not called upon to express any conclusion whether any such fixed period of revocation would accord with the powers vested in the Director by the statute. Nor have the merits of that point been argued.

Affirmed.