134 N.J. Super. 297 (1975)
340 A.2d 671
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN G. KALAFAT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1975.
Decided May 22, 1975.
*299 Before Judges MATTHEWS, FRITZ and BOTTER.
Messrs. Lewis, Siegel and Wood, attorneys for appellant.
Mr. C. Judson Hamlin, Middlesex County Prosecutor, attorney for respondent (Mr. Richard A. Feldman, Assistant Prosecutor, on the brief).
PER CURIAM.
This is an appeal from a judgment of the Middlesex County Court which found the defendant guilty of speeding at the rate of 66 miles an hour in a 55-mile an hour zone, after a trial de novo. The appeal was from a municipal court of Cranbury Township, Middlesex County.
Defendant challenges the County Court judge's ruling that admitted into evidence a certificate issued by the then Deputy Superintendent of the Division of Weights and Measures, Department of Law and Public Safety, describing and verifying a measured one-half mile course in Hightstown, on the ground that it does not come within Evid. R. 63 (13) exception to the exclusion of hearsay evidence established in Evid. R. 63. The State contends that the certificate bears an overwhelming indicia of trustworthiness and thus is entitled to classification as a business record under Evid. R. 63(13). See Mahoney v. Minsky, 39 N.J. 208, 218 (1963); State v. McGeary, 129 N.J. Super. 219, 226 (App. Div. 1974).
The facts are undisputed. On October 23, 1973 Trooper Matusiewicz of the New Jersey State Police issued a summons to defendant charging him with speeding, in violation of N.J.S.A. 39:4-98. He was found guilty of the offense in the Cranbury Township Municipal Court and he appealed to the Middlesex County Court. At the trial de novo the trial judge accepted Trooper Matusiewicz as being qualified to testify regarding his use of Vascar equipment. Vascar had been employed by the trooper in apprehending defendant.
*300 According to Matusiewicz, he had calibrated his Vascar equipment twice on October 23, 1974 and at least once on October 24. He testified that he checked the accuracy of the equipment's measurement of distance by the use of a pair of markers which had been certified by the Division of Weights and Measures. Defense counsel objected to the admission into evidence of the certificate of accuracy of marked distance because the individual who had measured the distance did not testify as to the mode and accuracy of the measuring procedure. The County Court judge then offered to permit defense counsel to measure the course himself, but that offer was declined. Defendant's objection was overruled. Thereafter, the trooper proceeded to testify as to the calibration of his equipment, how he employed it on the day in question and the result of the readout showing defendant to be travelling at a speed of 66 miles per hour.
The conviction followed.
We agree that the admission of a document as a business record requires that a foundation be laid to insure that the record was made in the ordinary course of business shortly after the transaction, by one who had firsthand knowledge of the facts recorded. See Evid. R. 63(13); State v. Conners, 129 N.J. Super. 476, 485 (App. Div. 1974); McCormick, Evidence, 598-605 (1954). And while we recognize that the State predicated admission of the certificate under Evid. R. 63(13), we find no reason to require that that rule served as the basis for admitting the certificate into evidence. See Isko v. Livingston Tp. Planning Bd., 51 N.J. 162, 175 (1968).
Under Evid. R. 63(15) a statement by a public official within the scope of his duty, as to a condition or event is admissible:
Subject to Rule 64 * * * if in the form of (a) a written statement of an act done, or an act, condition or event observed by a public official if it was within the scope of his duty either to perform the act reported or to observe the act, condition or event reported *301 and to make the written statement, or (b) statistical findings made by a public official whose duty it was to investigate the facts concerning the act, condition or event and to make statistical findings.
The absence of an explicit requirement for a foundation in Evid. R. 63(15), as contrasted with such an explicit requirement in Evid. R. 63(13), indicates that neither the reporter nor custodian need appear to provide a foundation for a public record admitted under Evid. R. 63(15). See State v. McGeary, above, 129 N.J. Super. at 228-229. The inherent trustworthiness of a report of an unchanging fact by a disinterested public official overcomes the usual barrier to its admissibility because of hearsay.
The Superintendent of Weights and Measures has the duty of providing a standard measure and of certifying approved measures, N.J.S.A. 51:1-55, 51:1-58, 52:17B-23; accordingly, a certificate of accuracy issued by him constitutes a statement of an act observed by a public official within the scope of his duty. As such it is admissible without a foundation under Evid. R. 63(15)
The certificate in question is also admissible under N.J.S.A. 51:1-102 as presumptively authentic and correct. Hence no foundation is necessary to show that the method of certification was correct.
The judgment of the County Court is affirmed.