## STATE OF NEW JERSEY v. GIONA SOMMA, DEFENDANT/APPELLANT.

Superior Court of New Jersey
Law Division Union County

Decided October 21, 1986.

*Rocco DiPaola* for plaintiff (*John H. Stamler,* Union County Prosecutor, Attorney).

*Aldan O. Markson* for defendant.

SACHAR, J.S.C.

This is a case of first impression involving the question of whether the operation of a motor vehicle, after a period of suspension, but prior to the restoration of a driver's license, constitutes a violation of *N.J.S.A.* 39:3–40. Defendant was convicted in Cranford Municipal Court for a violation of *N.J. S.A.* 39:3–40 and comes before the court on a trial *de novo.* As a third offender, the mandatory sentence under *N.J.S.A.* 39:3–40 would be a $1,000 fine, ten days in the county jail, and an additional suspension of his license for up to six months.

Defendant's driver's license had been suspended on May 31, 1984, for a period of three months by the Director of the New Jersey Division of Motor Vehicles pursuant to *N.J.S.A.* 39:5–30.-

10, entitled, "Subsequent violations; suspension; notice; hearing; failure to appear."[1]  Said statute states, in pertinent part:

... [T]he director shall suspend ... the license to operate a motor vehicle of any person who, having had his license suspended ... is convicted of a violation committed within 1 year of the date of restoration of the driving privilege.... For commission of one violation within 1 year, the period of suspension shall be no less than 45 days and no more than 90 days.

*N.J.A.C.* 13:19–10.6(a), indicates that:

When the subsequent violation occurs within six months of the date of the restoration, official warning or warning following completion of a Driver Improvement or Probationary Driver Program—90 days [suspension]....

According to the express terms of the order of suspension, the period of suspension was to commence on May 31, 1984, and the period of suspension is stated to be three months.

Order of Suspension

For the reason given below your New Jersey driving privilege is suspended on 5/31/84

. . . .

Reason for Suspension: PERSISTENT VIOLATOR/POINT SYSTEM REGULATION, FAILURE TO ATTEND CONFERENCE: 5/10/84 PERIOD OF SUSPENSION: 3 months

. . . .

To have your driving privilege restored you must:

1. Do not drive a motor vehicle while suspended.  If you do, you may be subject to a fine, jail sentence, and a further extension (6 months) of your suspension, AND

2. Pay a $30 restoration fee in advance so your notice of restoration can be sent without delay when the suspension is over.  Return your check or money order made out to "N.J. Division of Motor Vehicles" with the enclosed RESTORATION FEE DUE forms.

You are not allowed to drive until you receive a Notice of Restoration from the Director.

-------

[1]While the order of suspension does not delineate on its face the statutory basis for the Director's order, but characterizes the offender as a "persistent violator," the court assumes that this statute is the basis for the Director's action because the abstract of driving record would not have disclosed enough points for a 90–day suspension and the habitual offender statute would not result in a penalty being imposed under *N.J.S.A.* 39:3–40.

The order of suspension, which is the subject matter of defendant's alleged violation, negates a continuity to the period of the suspension by its express terms. Had the order of suspension intended to extend the period of suspension, it could have easily said so. It contains a prohibition against driving until receipt of a notice of restoration, but the period of suspension is not as long as the prohibition against driving. Instead, the order states under point 1 that one should not drive during the period of suspension, which is referred to above as a three-month period, and that if one were to drive during that three-month period, there could be a further extension of the suspension. Under point 2 it states that the restoration fee can be sent in before the period of suspension is over, so that there is no delay in receiving the notice of restoration after the termination of the suspension period; not that the suspension will be continued until the notice of restoration is received. Defendant did not drive during the three-month period of suspension, but drove on November 5, 1985.

To constitute a violation of *N.J.S.A.* 39:3–40 for which defendant was convicted in Cranford Municipal Court, he must have been found to have driven during the period of suspension. *N.J.S.A.* 39:3–40, entitled, "Driving when license refused, suspended, revoked or prohibited; motor vehicle license revoked; punishment," states in pertinent part that:

> No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's license, shall personally operate a motor vehicle, *during the period of* refusal, *suspension*, revocation, or prohibition. [Emphasis supplied] [2]

The court is not persuaded that the lack of payment of a restoration fee pursuant to *N.J.S.A.* 39:3–10a has the effect of

---

[2]Defendant was not prohibited from obtaining a license. He was allowed to obtain the restoration of his license upon sending a $30 restoration fee to the New Jersey Division of Motor Vehicles. This did not constitute a prohibition against obtaining a license after the suspension period had expired.

extending the period of suspension. Said statute, entitled, "Restoration of suspended or revoked license; fee," states that:

The Director of Motor Vehicles may charge a fee of $30.00 for the restoration of any license which has been suspended or revoked by reason of the licensee's violation of any of the provisions of Title 39 or any regulation adopted pursuant thereto. The director may promulgate such regulations hereunder as he may deem necessary.

The Director of the Division of Motor Vehicles, pursuant to the statutory language of *N.J.S.A.* 39:3–10a did adopt regulations thereto. Regulation, *N.J.A.C.*, 13:21–9.3, states:

A fee of $30.00 shall be payable to the Director of the Division of Motor Vehicles for the restoration of any license which has been suspended or revoked by reason of the licensee's violation of any of the provisions of Title 39 or any regulation adopted pursuant thereto.

The regulation simply paraphrases the statute with a substitution of the word "shall" for "may" concerning the payment of the $30 fee. Neither this statute nor the regulation adopted thereunder states that the period of suspension is extended until the restoration fee has been paid and the notice of restoration received. This brings us back to the order of suspension, which similarly does not state that the suspension is continued until a notice of restoration is received from the Director.

█ According to the legislative statement which accompanies *N.J.S.A.* 39:3–10a, the purpose of the chapter is strictly fee related. A statute that is solely related to the assessment of costs should not be deemed to seek a punitive end. The costs that flow from a violation of *N.J.S.A.* 39:3–10a should be distinguished from a fine imposed through a violation of *N.J. S.A.* 39:3–40. A fine imposed under *N.J.S.A.* 39:3–40 would be penal in nature. "[I]n our State a fine is intended to punish, and that imprisonment upon nonpayment, far from being a collection device, is substituted punishment designed to achieve the punitive end which the fine was imposed to achieve but failed to achieve." *State v. De Bonis*, 58 *N.J.* 182, 192 (1971).

Costs, on the other hand, serve a different purpose. "[I]n the absence of a statute making 'costs' a part of the punishment, costs cannot be deemed to seek a punitive end." *Id.* at 200.

No such statute exists in the present case. Therefore, "costs not being a punitive device, there is no basis for the substitution of a form of punishment for their nonpayment." *Ibid.*

Statutes which mandate minimum jail sentences appear to have a public safety rationale. *N.J.S.A.* 39:3–40 covers persons driving "during the period" of suspension. The suspension is to "protect the public, as well as the suspended driver himself by removing presumptively unsafe drivers from the road...." *State v. Fearick,* 69 *N.J.* 32, 37 (1976). *See also, State v. Handy,* 74 *N.J.Super.* 294 (Cty.Ct.1962) (cited with approval in *State v. McColley,* 157 *N.J.Super.* 525 (App.Div.1978)).

> ... [I]n violating *N.J.S.A.* 39:3–40 the offender asserts his defiance of public sanctions imposed for community safety before his fitness to drive again has been determined by the Director of Motor Vehicles pursuant to *R.S.* 39:5–32, 39:5–33 and 39:5–35. [*State v. Handy, supra,* 74 *N.J.Super.* at 299]

The purpose of suspending defendant's license, initially, was a public safety purpose. After the three-month suspension period had ended, he was then eligible to pay his restoration fee and have his driving privilege restored. Therefore, after the three-month suspension period had ended, there was no public safety reason to prevent him from driving.

The court finds no New Jersey case dealing with whether driving beyond the period of suspension, but prior to restoration of a license, constitutes a violation of *N.J.S.A.* 39:3–40. The court does, however, find several out-of-state cases whose reasoning seems apposite to the case at bar. In *Ennis v. Garrett,* 279 *N.C.* 612, 184 *S.E.*2d 246 (1971), a driver's license was revoked for one year as of January 2, 1970. On March 6, 1971, defendant was charged with driving while his license was revoked as he had not applied for reinstatement of his driving privilege and had not paid the $10 fee required by *G.S.* § 20–7(il). It was stipulated by the parties that the driving privilege was revoked. The applicable statute, *G.S.* § 20–6 provides:

"Revocation" shall mean that the licensee's privilege to drive a vehicle is terminated for the period stated in the order of revocation.

The Supreme Court of North Carolina stated:

The respondent's contention is that a revocation remains in effect not only throughout the period stated in the order of revocation but also until the person whose license was revoked applies for a restoration of his license and pays the restoration fee. This is contrary to the definition of "revocation" in *G.S.* § 20–7 above quoted. *G.S.* § 20–7(il) does not expressly extend the period of a suspension, cancellation or revocation. On its face, it merely provides for the payment of a fee for an administrative act by the Department. It cannot reasonably be given the construction for which the respondent contends.

When the period of revocation stated in the order of revocation terminates, the license is no longer "in a state of suspension or revocation" within the meaning of *G.S.* § 20.28.1(a). This does not mean that the former holder of the license may immediately resume driving. Before he may do so the fee required by *G.S.* § 20–7(il) must be paid. In the interim, he is simply a person without a valid operator's or chauffeur's license. If, in that interim, he operates a motor vehicle upon a highway of this State, he is subject to the penalties provided for one who operates a motor vehicle without a valid operator's or chaffeur's license, but *G.S.* § 20–28.1(a) does not apply to his conviction of a "motor vehicle moving offense" during such interim. [*Id.* 184 *S.E.*2d at 248–249]

*See also Commonwealth v. Fay,* 320 *Pa.Super.* 399 (1983); *Commonwealth v. Parfitt,* 286 *Pa.Super.* 279 (1981). *N.J.S.A.* 39:3–40 is penal in nature and must be strictly construed. *State v. Channel Home Centers,* 199 *N.J.Super.* 483 (App.Div.1985).

Since the period of suspension ended on August 31, 1984, the defendant cannot be found guilty of a violation of *N.J.S.A.* 39:3–40 for operation of his motor vehicle on November 5, 1985.

The judgment of conviction is, therefore, reversed.