217 N.J. Super. 209 (1987)
525 A.2d 328
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALPH ZALTA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1986.
Decided January 22, 1987.
*210 Before Judges KING and HAVEY.
Fred Ira Eckhaus argued the cause for appellant (Widman & Cooney, attorneys; Fred Ira Eckhaus on the brief).
*211 Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John A. Kaye, Monmouth County Prosecutor, attorney; Mark P. Stalford of counsel and on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant was found guilty in the Municipal Court of West Long Branch of driving while on the revoked list, contrary to N.J.S.A. 39:3-40 and again upon his de novo appeal to the Law Division. As a third offender, he was sentenced to a ten-day jail term, fined $1,000 and his driving privileges were suspended for six months.
On appeal defendant raises the following points:

 POINT I  FAILURE TO MAKE APPLICATION FOR
 RESTORATION DOES NOT RESULT IN AN
 INDIVIDUAL REMAINING ON THE REVOKED LIST
 INDEFINITELY. SUCH CONSTRUCTION WOULD
 RENDER N.J.S.A. 39:3-40 UNCONSTITUTIONAL
 IN THAT IT WOULD FAIL TO ADEQUATELY
 INFORM A PERSON OF THE PENALTIES
 THREATENED FOR VIOLATION. SUCH FAILURE
 DENIES DUE PROCESS AS GUARANTEED BY THE
 FOURTEENTH AMENDMENT OF THE UNITED STATES
 CONSTITUTION AND RENDERS THE STATUTE VOID
 FOR VAGUENESS.
 POINT II  THE TRIAL COURT'S FINDING OF GUILT BEYOND
 A REASONABLE DOUBT WAS ERROR IN LIGHT OF
 THE LACK OF EVIDENCE TO SUPPORT SUCH
 FINDING AND SHOULD BE REVERSED.

Defendant was charged with driving while on the revoked list on May 24, 1985, after being stopped for various motor vehicle violations in West Long Branch and after producing an expired New York driver's license. At trial in the municipal court the State produced a certified copy of an abstract of defendant's driving record which described various actions taken by the New Jersey Division of Motor Vehicles against defendant's driving privileges dating from January 21, 1980 to January 25, 1982. The entry dated January 25, 1982 recorded the following violation: "operate during suspension period." The State also produced a "Notice of Extension of Suspension" dated January *212 25, 1982 which the director had sent to defendant. The notice stated that the division had received information that defendant had been convicted of careless driving on November 1, 1980 in Eatontown. It further stated:
This information establishes you have driven a motor vehicle during suspension. Therefore, the suspension is extended for a period of 6 months in addition to the suspension already in effect.
When this period of suspension expires, you may make application for restoration of your driving privilege, and, providing that there have been no additions to your driving record, your case will be reviewed and a restoration may be considered.
It is undisputed that defendant never applied for restoration of his driving privileges from January 25, 1982 to the date of his arrest, on May 24, 1985.
N.J.S.A. 39:3-40, in applicable part, reads as follows:

No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driving license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation or prohibition. [Emphasis supplied].
Essentially, defendant's argument is that the statute's proscription against driving "... during the period of ... suspension ..." must be read as prohibiting the driving of a vehicle during the specific period of revocation, in this case, six months after the January 25, 1982 notice of suspension. Defendant contends that at the end of the six-month period of suspension, he was no longer on the revoked list; his New Jersey driving privileges had simply expired and he was thus only subject to a charge for driving while unlicensed, contrary to N.J.S.A. 39:3-10. He reasons that to construe the statute to mean that his privileges remained suspended until he applied for restoration would render the statute constitutionally void for vagueness. We disagree.
In our view, a person of ordinary intelligence acting in good faith would interpret the phrase "during the period of ... suspension ..." under N.J.S.A. 39:3-40 to mean that his suspension would continue until actual restoration of his license by the director. See State v. Cameron, 100 N.J. 586, 591 (1985); *213 State v. Lee, 96 N.J. 156, 166 (1984); State v. Pickens, 124 N.J. Super. 193, 196 (App.Div.), certif. den. 63 N.J. 581 (1973). Moreover, defendant received a clear, unambiguous notice from the Division that upon expiration of the suspension period, defendant may apply for restoration and, providing he had not received additional citations, restoration would be considered. Thus defendant was clearly on notice that his suspension continued beyond the six-month period. We are satisfied that no procedural due process guarantee was violated here.
The question is whether the director is empowered to keep a license in suspension beyond the determinate period of suspension imposed by the municipal court. We conclude that the director has such power. He has unqualified licensing jurisdiction, N.J.S.A. 39:3-10; he is given the power after due notice to suspend or revoke driving privileges for any violation of the Motor Vehicle Act "... or on any other reasonable grounds ...", N.J.S.A. 39:5-30; he has discretion, subject to specific provisions of the act, to determine the manner by which driving privileges shall be restored, N.J.S.A. 39:5-32, and he may charge a fee for the restoration of a license and "promulgate such regulations hereunder as he may deem necessary." N.J.S.A. 39:3-10a.
We are satisfied that implicit in this pervasive power over the licensing and suspending of driving privileges is a right to keep a license in suspension until it is restored after appropriate application for restoration by the licensee. The suspension of driving privileges is not necessarily punitive in purpose. Vance v. State, 67 N.J. Super. 63, 67 (App.Div. 1961). It is a measure "for the prospective safety and protection of the traveling public in the nature of an auxiliary remedial sanction." Ibid, quoting Sylcox v. Dearden, 30 N.J. Super. 325, 329-330 (App.Div. 1954). The determinate suspension period imposed under the Act or regulations is a mandatory consequence of a conviction, not a measure of the maximum period of time the director may keep a license in suspension on any "reasonable grounds" under his distinct statutory powers. See *214 Vance v. State, supra, 67 N.J. Super. at 67. The difficult nature of the director's task in maintaining the records of motor vehicles and licensees in this State is a matter of public record. It is perfectly reasonable to require the licensee to come forward and prove that he has not suffered additional violations and to pay a fair restoration fee before the license is restored. This procedure gives the director a uniform and simplified tool to assure that the licensee has not had additional violations, and that restoration is appropriate.
Here, defendant was on notice on January 25, 1982 of his right to apply for restoration of his driving privileges but failed to do so as of the date he received the summons. As of that date, his driving privileges therefore remained suspended.
Defendant's contention that the finding of guilt was unsupported by the evidence is clearly without merit. The conviction was predicated upon the admission into evidence of the certified copy of defendant's driving record and the January 25, 1982 Extension of Suspension. The records were properly admitted under Evid.R. 63(13) and Evid.R. 63(15). See State v. Matulewicz, 101 N.J. 27, 30-31 (1985); State v. Martorelli, 136 N.J. Super. 449 (App.Div. 1975), certif. den. 69 N.J. 445 (1976); State v. Kalafat, 134 N.J. Super. 297, 301 (App.Div. 1975).
Affirmed.