639 A.2d 728

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. ARTHUR S. SANDORA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 7, 1994—Decided March 2, 1994.

Before Judges MUIR, Jr. and BILDER.

*Michael P. Hrycak* argued the cause for appellant.

*Simon Louis Rosenbach,* Assistant Prosecutor, argued the cause for respondent (*Robert W. Gluck,* Middlesex County Prosecutor, attorney).

BILDER, J.A.D. (retired and temporarily assigned on recall).

Defendant Arthur Sandora was convicted in the Metuchen Borough Municipal Court of driving while his license was suspended. *N.J.S.A.* 39:3–40. He was fined $500; ordered to pay $25 court costs and a $1 ATS fee; and his driver's license was suspended for an additional thirty day period. On appeal to the Law Division, he was again convicted in a trial *de novo* on the record below where he received the same fine and court costs, an additional $7.75 costs on appeal was imposed, but the driver's license suspension was reduced to 10 days.

On September 3, 1992, while driving in Metuchen, defendant was stopped for going straight through an intersection when he was in a left turn only lane. A motor vehicle check of defendant's driving status revealed that he was on the suspended driving list. Defendant did not deny his license had been suspended but told the police officer that he was on his way to the Department of Motor Vehicles office to reinstate his license. The officer issued a summons for driving while on the suspended list.

Defendant's license had been suspended as of February 25, 1992 for 180 days because of a failure to pay three parking tickets. Before the Municipal Court defendant testified that he had paid the tickets and had been told to go to any Motor Vehicle office to be reinstated. He testified that he believed that once he paid the tickets, he was off the suspended list and also believed that to get his driving privileges reinstated, he had to go to a Motor Vehicle office and pay $30. He ultimately did this but it was after the summons had been issued.

Defendant in reliance on a Law Division opinion, *State v. Somma,* 215 *N.J.Super.* 142, 521 *A.*2d 386 (Law Div.1986), contends before us, as he did below, that his operation of motor vehicle, after a period of suspension but prior to the restoration of

his driver's license, did not constitute a violation of *N.J.S.A.* 39:3–40. *See State v. Somma, supra,* at 148, 521 *A.*2d 386. More specifically he argues that the 180 day suspension by the Motor Vehicle Department had ended in August 1992; that he could not be found guilty of violating *N.J.S.A.* 39:3–40 on September 3, 1992 when the summons was issued.

After the *Somma* opinion was filed, but before it was published, we arrived at an opposite conclusion in *State v. Zalta,* 217 *N.J.Super.* 209, 525 *A.*2d 328 (App.Div.1987).[1] Because *Somma* had not been published, we made no reference to it. We agree with the courts below that this case is controlled by *Zalta.*

Defendant invites us to accept the reasoning of *Somma* and disagree with *Zalta.* We decline to do so and disapprove *Somma.*

Affirmed.

---

[1] *Somma* was decided October 21, 1986. *Zalta* was argued on December 10, 1986 and decided on January 22, 1987.