**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0610-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SEAN GALLAGHER,

     Defendant-Appellant.

_____

          Argued November 19, 2025 – Decided December 24, 2025

          Before Judges Currier, Smith and Jablonski.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-015.

          John Menzel argued the cause for appellant.

          Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Melinda A. Harrigan, of counsel and on the brief).

PER CURIAM

I.

On October 7, 2023, defendant was driving near Laurel Avenue in Holmdel, New Jersey, when he was pulled over by a Holmdel Township police officer due to a license plate violation. After stepping out of the car to perform a field sobriety test, defendant failed it. His performance was captured on video, giving the officer probable cause to arrest defendant for driving under the influence of alcohol (DWI), N.J.S.A. 39:4-50. At the police station, defendant refused to submit breath samples. Defendant was charged with DWI, refusal to submit breath samples, reckless driving, careless driving, and other traffic-related charges.

On April 24, 2024, defendant, represented by counsel, informed the court he would plead guilty to the refusal charge. As part of a plea deal, the State agreed to merge or dismiss the remaining charges. At sentencing, defendant's driver's abstract revealed a 2003 DWI conviction and a February 1990 DWI conviction. Defendant acknowledged the 2003 conviction but disavowed any knowledge of the 1990 conviction, which took place in Garfield.

After placing the terms of the plea on the record, the municipal court adjourned sentencing to resolve the question of whether the 1990 conviction on defendant's abstract was his. On June 5, 2024, the municipal court heard

argument on defendant's sentence. Defendant contended that the State had the burden to prove the accuracy of the 1990 conviction listed in his driver's abstract. He further argued there were no records which corroborated a 1990 DWI conviction. Defendant sought to testify that the 1990 conviction was not his. Counsel stated defendant would testify he was living in Florida for a period of time between 1989 and 1990. However, when the court directly asked defendant about his proofs, defendant said he did not have anything to show he was in Florida such as a change in driver's license or address or tax return. He thought he returned to New Jersey in April 1990. The court noted that defendant paid the surcharges associated with the 1990 conviction and questioned why defendant would not contact the New Jersey Motor Vehicle Commission (MVC) sooner to inquire about charges related to an offense he did not commit. The court once more adjourned sentencing, to permit further briefing from the parties on the issue.

On June 19, 2024, sentencing resumed, and defendant moved to be sentenced as a first offender. Trial counsel informed the court that defendant was ready to testify. When the court declined to hear defendant's testimony, trial counsel proffered that defendant was in Florida at the time of the 1990 offense and conviction, but that he returned to New Jersey a few months later.

3

Counsel also represented that the City of Garfield Municipal Court, where the 1990 DWI conviction emanated from, could not readily locate records tying defendant to the 1990 conviction, although they reported the records could be in storage. Based on the record before it, the municipal court found defendant was present in New Jersey in 1990. Giving a presumption of validity to defendant's driver's abstract, the court determined defendant's challenge to the 1990 conviction should be properly addressed through a motion for post-conviction relief (PCR). The court denied defendant's motion to be sentenced as a first offender.

Defendant then pled guilty to the refusal charge, and the court dismissed the remaining charges. According to the terms of the plea agreement, the municipal court sentenced defendant to a one-year license suspension, 48 hours in the Intoxicated Driver Resource Center, along with penalties, fines and a credit for 124 days for use of the interlock device. The court denied defendant's motion to stay the sentence, and defendant surrendered his license.

Defendant next moved for a stay pending appeal to the Law Division, which the Honorable Michael A. Guadagno, J.A.D. (ret.) granted on July 8, 2024. During the argument before Judge Guadagno, defense counsel requested the court accept defendant's proffers regarding his assertion he was not living in

4

New Jersey at the time of the 1990 convicted listed on his abstract. Thereafter, Judge Guadagno concluded that a motion for PCR in Garfield Municipal Court was the sole remedy for defendant's challenge to the 1990 DWI conviction listed on his abstract. The judge affirmed defendant's sentence based on the 1990 conviction as a second offense, and ordered a credit for the days the interlock device was installed and used in defendant's car, and for the days he did not have his license because of the municipal court order. Defendant appealed.

On appeal, defendant argues the Law Division erred because: it did not afford him the opportunity to be heard regarding the challenge to the accuracy of the driver's abstract; a motion for PCR is not the appropriate recourse for this matter; and the State retained the burden to prove the accuracy of the 1990 conviction on the driver's abstract.

## II.

We summarized our "two-court" standard of review in State v. Triosi:

> Our review of a de novo decision in the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in

original) (quoting <u>State v. Johnson</u>, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as here, two separate courts have examined the facts and reached the same conclusion. Under the two-court rule, we do not ordinarily alter concurrent findings of fact and credibility determinations made by two prior courts absent a very obvious and exceptional showing of error. <u>Locurto</u>, 157 N.J. at 474 (citation omitted).

The trial court's legal rulings, however, are considered de novo. <u>Robertson</u>, 228 N.J. at 148. A "trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference." <u>Rowe v. Bell & Gossett Co.</u>, 239 N.J. 531, 552 (2019) (quoting <u>Manalapan Realty, LP v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

[471 N.J. Super. 158, 164 (App. Div. 2022).]

## III.

N.J.S.A. 39:4-50(a) provides:

A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against the person in order to render the person liable to the punishment imposed by this section on a second or subsequent offender, but <u>if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.</u>

[(Emphasis added.)]

A.

We begin with defendant's assertion that the Law Division erred in relying on the driver's abstract as presumptively valid. It is well-settled that in quasi-criminal matters such as DWI and refusal to submit a breath sample, the State bears the burden of proving their case beyond a reasonable doubt. State v. Cummings, 184 N.J. 84, 89 (2005). We have held that a driver's abstract is sufficiently reliable and prima facie evidence of motor vehicle offenses, like DWI. State v. Luzhak, 445 N.J. Super. 241, 249 (App. Div. 2016); see also State v. Pitcher, 379 N.J. Super. 308, 319 (App. Div. 2005); State v. Zalta, 217 N.J. Super. 209, 214 (App. Div. 1987). It follows, on this record, that as the State supplied defendant's driver's abstract demonstrating three offenses, with the last occurring at least ten years prior, the State met its burden of proof to convict and sentence defendant as a second offender.

Defendant argues the 1990 conviction's presumption of validity only stands if not challenged, contending that this challenge is an affirmative defense under N.J.S.A. 2C:1-13(b). We are unpersuaded, as this proceeding is not governed by New Jersey's Criminal Code. We have recently held that affirmative defenses applicable in criminal cases are not applicable to motor

vehicle violations. State v. Baverov, 482 N.J. Super. 344, 350 (App. Div. 2025) (citing State v. Federico, 414 N.J. Super. 321, 326-27 (App. Div. 2010)).

Defendant next relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Erlinger v. United States, 602 U.S. 821 (2024). Defendant offers these cases to support his contention that any fact which increases the penalty for a crime must be proven beyond a reasonable doubt. We disagree, as Apprendi expressly states, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). Similarly, Erlinger concluded the State has the same burden but in a wholly different set of circumstances. Erlinger was a criminal case where the Court found a jury must decide whether a crime was committed on separate occasions or all at once for sentencing purposes, for which the State must have proven beyond a reasonable doubt. 602 U.S. at 827-29. While additional offenses factored into sentencing in Erlinger, as here, we conclude the constitutional differences in the stakes between a criminal case and a municipal court motor vehicle offense are too significant to consider Erlinger precedential.

Next, defendant claims his driver's abstract resembles a Shepard document, outlined in Erlinger as documents a court may use to determine where

8

a crime occurred and the legal elements that must be proven to secure the conviction for the crime. Id. at 839. We reject this argument.

Our jurisprudence has established that a driver's abstract is prima facie evidence of prior offenses and convictions. Luzhak, 445 N.J. Super. at 249. The State properly offered defendant's abstract to show defendant had two prior offenses to consider when sentencing him for the 2024 DWI. This proffer comports with N.J.S.A. 39:4-50's requirements and our case law. Notwithstanding defendant's bald assertion challenging the validity of the 1990 DWI conviction in Garfield, we conclude the State has satisfied its burden of proof on the question of defendant's prior DWI history. Any facts which may exist in the record on this question are in the control of Garfield and its municipal court, not Holmdel Township and its municipal court. We conclude the Law Division did not commit error when it assigned a presumption of validity to defendant's abstract.

We next turn to defendant's argument, whether PCR is an appropriate forum to address the question of whether defendant was in fact convicted of DWI in Garfield municipal court in 1990.

9

B.

Rule 7:10-2(a) states, "[a] person convicted of an offense may, pursuant to this rule, file with the municipal court administrator of the municipality in which the conviction took place, a petition for [PCR] captioned in the action in which the conviction was entered."

Rule 7:10-2(b)(3) states, "[a] petition for [PCR] shall be the exclusive means of challenging a judgment of conviction, except as otherwise required by the Constitution of New Jersey. . . ."

Grounds for PCR include:

> (1) [S]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution of the United States or the Constitution or laws of New Jersey;
>
> (2) [L]ack of jurisdiction of the court to impose the judgment rendered on defendant's conviction;
>
> (3) [I]mposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law; or
>
> (4) [A]ny ground previously available as a basis for collateral attack on a conviction by habeas corpus or any other common law or statutory remedy.
>
> [R. 7:10-2(c).]

Motions for PCR must be filed within five years of the date of conviction unless it is a petition to correct an illegal sentence, or it alleges facts showing that the delay in filing was due to defendant's excusable neglect. R. 7:10-2(b)(1) to (2).

Defendant's assertion is simple. He contends the 1990 Garfield Municipal Court DWI conviction was not him but belongs to another Sean Gallagher. He argues this despite the record showing that: he was convicted of another crime in New Jersey in 1990, demonstrating his presence in this state during that year; paid insurance surcharges for the 1990 DWI sentence; and took over thirty years to challenge his driver's abstract, despite the presence of numerous other traffic offenses over the years. Defendant offers no evidence, merely his unsupported assertion. The record also shows that Garfield has not stated the 1990 conviction records do not exist, just that they were not readily available and would take an additional search.

Understanding the clear contours of the record before us, as well as the plain language of Rule 7:10-2, we agree with the Law Division that defendant must file a PCR motion challenging his 1990 conviction with Garfield Municipal Court, not Holmdel. We discern no error in its conclusion that a PCR application in Garfield was the appropriate forum.

A-0610-24

We express no opinion as to the outcome of defendant's PCR application in Garfield, either as to the jurisdictional threshold for bringing such an action, or the merits of such a motion.

To the extent that we have not addressed any remaining arguments by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division