**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1133-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLAUDIA MARIE LEE,

    Defendant-Appellant.

_____

> Argued January 5, 2026 – Decided January 13, 2026
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 13-23.
>
> Claudia Marie Lee, appellant, argued the cause on appellant's behalf.
>
> Michael R. Philips, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Michael R. Philips, of counsel and on the brief).

PER CURIAM

Defendant Claudia Marie Lee appeals from an October 28, 2024 order finding her guilty of driving with a suspended motor vehicle registration, N.J.S.A. 39:3-40; failure to exhibit a driver's license, N.J.S.A. 39:3-29(a); and driving while her license was suspended, N.J.S.A. 39:3-40. Defendant raises a plethora of arguments challenging the Law Division order affirming the order entered by the Fort Lee Municipal Court. We affirm.

The relevant facts pertaining to the motor vehicle charges against defendant are undisputed. On July 27, 2022, Port Authority Police Officer Isaic Roman observed defendant's vehicle as it approached the entrance of the George Washington Bridge. The license plate reader in Officer Roman's patrol vehicle generated an "alert" or "hit" on defendant's vehicle, indicating that her New York motor vehicle registration was suspended.

Officer Roman initiated a stop of defendant's vehicle and requested her license and registration. Defendant did not provide a valid registration for her vehicle or driver's license, prompting Officer Roman to issue three tickets to defendant for: driving with a suspended motor vehicle registration, N.J.S.A. 39:3-40; failure to exhibit a driver's license, N.J.S.A. 39:3-29(a); and driving while her license was suspended, N.J.S.A. 39:3-40. Defendant's vehicle was towed from the scene and impounded.

2

Prior to commencing the municipal court trial, the court denied a motion by defendant claiming that she was not a person subject to the laws of this State and insisting that there is a "trust" on her behalf, and she was "the beneficiary for the entity."

The State presented Officer Roman as its sole witness and defendant offered no witnesses. Officer Roman testified that after initiating the stop of defendant's vehicle, he approached and asked for her driver's license, proof of insurance and registration and that defendant produced an insurance card but could not produce a driver's license or registration for the vehicle. When he explained that her registration was coming up as suspended, defendant advised him that she had "been to court already for this."

According to Officer Roman, the central police desk was contacted, which again confirmed that the vehicle's registration and defendant's license were suspended, and at some point, he also reviewed defendant's New York driving abstract, which showed defendant's vehicle registration and license suspensions.[1]

---

[1] Defendant's driver's abstract was entered into evidence at trial after defendant acknowledged that she had previously reviewed it.

A-1133-24

Officer Roman further testified that defendant "was unable to provide anything for me," and it was at that point that he informed her that he was going to tow her vehicle for not having any valid credentials. He issued three motor vehicle summonses to defendant and arranged for her vehicle to be towed and impounded.[2] He also testified that defendant exited the vehicle and walked off the property without a courtesy escort. He estimated that the entire stop took approximately a half hour.

On cross-examination by defendant, Officer Roman admitted that defendant tried to give him some paperwork from New York State that she claimed showed her registration to already be clear. However, defendant did not provide any proof to contradict the suspension notice in his system. According to Officer Roman, "she tried to give me some sort of paper out of New York State that she may have had a case out of and she said that . . . possibly her registration was already clear."

At the close of the evidence, defendant again moved for the municipal court "to access the funds of the trust to . . . settle the matter before the court." The municipal court rejected this argument, explaining that this was a motor

---

[2] In her pro se brief, defendant acknowledged signing the consent to inventory her vehicle although she maintains her consent was given under duress. Confusing, however, the inventory form is marked "refusal."

vehicle matter, which [is] separate and apart from contractual obligations, . . . fiduciary obligations, [beneficiary] obligations, or anything else." Defendant next moved for the court to strike Officer Roman's testimony, claiming it was either completely untrue or halfway true. The court denied this motion.

Defendant next stated that she could "bring forth the copies of the documents that [Officer Roman] received," including the insurance and registration card. The judge explained that the time to present this evidence had already expired, stating "[y]ou've had more than enough time and been instructed that you could give any documents you wish to the [p]rosecutor." Defendant responded, "[t]he only thing I can tell you is that I am a woman. I am not an entity. . . . I am a traveler in a private automobile. And my rights to . . . travel in my private automobile are under the United States Constitution."

The municipal court judge found defendant was driving a vehicle which produced a hit on Officer Roman's license plate reader, indicating that the registration for the vehicle was suspended and defendant could not produce any paperwork to dispute the alert. Relying in part on the evidence contained in defendant's driver's abstract showing that her license had been suspended for unpaid tolls assessed by the Port Authority, the court noted that "no valid license, registration, or insurance card has ever been produced." The court found

A-1133-24

defendant guilty as charged in all three summonses and advised her of her right to appeal to the Law Division.

In the Law Division, defendant argued the following before Judge Christopher R. Kazlau:  she did not enter a plea in municipal court, she was "forced into that"; the prosecutor failed to provide her with complete discovery, including her driver's abstract, which the court relied on at trial; "the lower court created three constructive trusts when the traffic tickets arrived at the court," and the motor vehicle registration suspension was canceled based on New York State law and should have been removed by December 30, 2020.  Defendant, however, admitted in her brief that the cancellation of the registration suspension was not accomplished because the New York State Department of Motor Vehicles refused to honor New York State law, which was enacted on December 30, 2020, and therefore failed to remove the suspension as required.  She also added that the court had three trials because the State's witness— Officer Roman—did not show up for the first two and she submitted eight motions to dismiss the summonses.

Judge Kazlau explained to defendant that her repeated arguments about a contract in trust had no effect on the motor vehicle charges against her and had "no basis in fact or law."  Regarding defendant's arguments she was not provided

6

with pre-trial discovery, Judge Kazlau inquired of the State whether defendant had raised this issue in municipal court. The prosecutor responded "I don't believe she did."

Following a de novo review of the record, Judge Kazlau found defendant decided not to plead guilty to the summonses that were issued to her, prompting the municipal court to schedule the matters for trial. Judge Kazlau concluded defendant was guilty of the three motor vehicle offenses based on the totality of the evidence before the court, including the testimony of Officer Roman. Additionally, Judge Kazlau noted "even if the [driver's abstract] was not admitted into evidence it would not [] have changed the outcome here. Certainly, it would not change this [c]ourt's findings in a de novo review."

Judge Kazlau rejected defendant's challenge to the guilty verdict based on her claim she was the beneficiary of some type of trust which renders her unable to be prosecuted. The judge concluded that the totality of the evidence admitted during the course of trial proved beyond a reasonable doubt that the defendant committed the motor vehicle offenses as charged. Judge Kazlau thus found her guilty based on his de novo review of the record. This appeal followed.

Before us, defendant rehashes many of the same arguments raised before the municipal court, including claims of exemption from state law and

inapplicability of standard legal procedures. The points contained in her pro se

brief are as follows:[3]

I. APPELLATE JUDGE ERRED IN STATING THAT BENEFICIARY DID NOT ENTER A GUILTY PLEA.

II. APPELLATE JUDGE ERRED IN STATING THAT "THE INTRODUCTION OF NEW EVIDENCE . . . IS NOT PERMISSIBLE."

III. APPELLATE JUDGE ERRED IN STATING "I'M OBLIGATED TO APPLY NEW JERSEY LAW. . . ."

IV. APPELLATE JUDGE ERRED IN STATING "WHAT YOU PURPORT TO BE A CONSTRUCTIVE TRUST IS IN NO WAY A DEFENSE. . . ."

V. APPELLATE JUDGE ERRED IN STATING THAT A CONSTRUCTIVE TRUST "[]IS A BASELESS, NON-SENSICAL ARGUMENT."

VI. APPELLATE PROSECUTOR ERRED IN STATING THAT THE BENEFICIARY DID NOT OBJECT TO THE ILLEGAL SUBMISSION OF CJIS 2000 REPORT.

VII. APPELLATE PROSECUTOR ERRED IN STATING THAT THE BENEFICIARY SENT DISCOVERY TO PA POLICE WHEN REQUEST WAS RECEIVED AT FORT LEE COURT.

---

[3] Although defendant's point headings reference errors made by "APPELLATE JUDGE," we can fairly glean from the record that she is referring to the Law Division decision, which is the subject of this appeal.

A-1133-24

VIII.   APPELLATE JUDGE ERRED IN STATING THAT "THE CONSTRUCTIVE TRUST IS COMPLETELY IRRELEVANT HERE."

IX.   APPELLATE PROSECUTOR ERRED IN STATING FACTS REGARDING BENEFICIARY'S NUMBER OF EXHIBITS THAT WERE SUBMITTED WITH EACH EXPRESS TRUST.

X.   APPELLATE JUDGE ERRED IN STATING THAT "OFFICER ROMAN WAS WEARING A STANDARD UNIFORM. . . ."

XI.   APPELLATE JUDGE ERRED IN STATING THAT BENEFICIARY DID NOT SHOW ANY DOCUMENTS TO P.A. POLICE.

XII.   APPELLATE JUDGE ERRED IN STATING THAT "THERE WAS NO OBJECTION TO THE ADMISSION OF THAT REPORT IN EVIDENCE."

XIII.   APPELLATE JUDGE ERRED IN STATING THAT "THE TESTIMONY OF OFFICE ROMAN" WAS CREDIBLE.

XIV.   APPELLATE JUDGE ERRED IN STATING "A FAUX LEGALISTIC TYPE OF SOVEREIGN CITIZEN TYPE ARGUMENT. . . ."

XV.   APPELLATE JUDGE ERRED IN STATING "BENEFICIARY IS SOME TYPE OF TRUST."

XVI.   APPELLATE JUDGE ERRED IN STATING THAT THE SOUND RECORDING TRANSCRIPTS ARE "COMPLETELY LACKING IN CREDIBILITY."

A-1133-24

XVII. APPELLATE JUDGE ERRED IN STATING THAT "ROMAN'S TESTIMONY EFFECTIVELY WAS UNREBUTTED AT TRIAL."

XVIII. APPELLATE JUDGE ERRED IN STATING "I FIND NO REASON TO DEPART FROM" THE LOWER COURT FINDINGS.

XIX. APPELLATE JUDGE ERRED IN STATING THAT "THE TRANSCRIPT OF THE TESTIMONY AND THE TRIAL PROCEEDINGS COMPLETELY CONTRACDICT."

XX. APPELLATE JUDGE ERRED IN STATING THAT "[DEFENDANT] WAS PROVIDED A COPY OF THE CJIS 200[0] REPORT DURING THE TRIAL."

XXI. APPELLATE JUDGE ERRED IN STATING THAT BENEFICIARY FAILED TO QUESTION P.A. OFFICER ROMAN AT TRIAL.

XXII. APPELLATE JUDGE ERRED IN STATING THAT "THERE WAS NEVER ANY OBJECTION OR MOTION. . . ." REGARDING THE COURT'S DELAY.

XXIII. APPELLATE JUDGE ERRED IN STATING THAT THE TRIAL TRANSCRIPTS "ARE COMPLETELY SUPPORTED BY THE RECORD."

XXIV. APPELLATE JUDGE ERRED IN STATING THAT "[DEFENDANT] WAS OPERATING A MOTOR VEHICLE IN THE STATE OF NEW JERSEY."

XXV. APPELLATE JUDGE ERRED IN ASKING IF HIS STATEMENTS WERE "OKAY?" NO THEY WERE NOT.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62, (1964)).

Further, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)).

In this matter, defendant was charged with three motor vehicle offenses: driving while her license was suspended and driving with a suspended vehicle registration, N.J.S.A. 39:3-40, and failure to exhibit a driver's license, N.J.S.A. 39:3-29(a). To secure a conviction for N.J.S.A. 39:3-40, the State must prove, beyond a reasonable doubt, the defendant operated a motor vehicle on a public roadway while her driver's license or the vehicle's registration was suspended, and that the defendant had actual or constructive knowledge of the suspension

at the time of operation.  See N.J.S.A. 39:3-40; State v. Zalta, 217 N.J. Super. 209, 212-13 (App. Div. 1987).  To establish a violation of N.J.S.A. 39:3-29(a), the State must prove that the defendant operated a motor vehicle and failed, upon lawful request, to possess or exhibit a valid driver's license.  See State v. DeLuca, 168 N.J. 626, 632 (2001).

As a preliminary matter, we agree with Judge Kazlau that the vast majority of defendant's arguments are baseless, most notably, her constant reference to a "trust," an argument she raises but fails to explain, which has no basis in law. We therefore reject defendant's arguments as meritless and affirm her conviction and sentence based on Judge Kazlau's thorough and well-reasoned decision.

As discussed in his oral decision, Judge Kazlau reviewed the municipal court record, consisting of Officer Roman's testimony and documentary evidence to arrive at his conclusion.  Judge Kazlau found that Officer Roman stopped defendant following an alert from his license reader equipment and defendant was operating her vehicle while her vehicle registration and license were suspended.  After considering defendant's arguments, which were mostly rooted in claims she was not a person subject to the jurisdiction of the court, Judge Kazlau found no reason to depart from the municipal court's findings defendant was guilty of all three offenses as charged.

We further note that Judge Kazlau properly rejected defendant's assertion she was deprived of pre-trial discovery, including her driver's abstract as a basis for reversal. This argument is belied by the trial record which shows that defendant acknowledged that she had reviewed the abstract and made no objection to its entry into evidence during the trial. On this point, Judge Kazlau correctly reasoned that even without this documentary evidence, the State had met its burden of demonstrating that defendant operated her vehicle without a valid vehicle registration and driver's license, and failed to present any evidence to refute the State's evidence, other than unsupported claims that her motor vehicle registration suspension was canceled based on New York State law.

Applying our limited standard of review, we conclude there is sufficient credible evidence in the record to support the findings of the Law Division judge. Clarksburg Inn, 375 N.J. at 639. The record in this case establishes that defendant operated her vehicle with a suspended motor vehicle registration, N.J.S.A. 39:3-40; failed to exhibit a driver's license, N.J.S.A. 39:3-29(a); and operated her vehicle while her license was suspended, N.J.S.A. 39:3-40.

Although defendant maintains she produced certain documents to Officer Roman, the record before us contains only defendant's New York State insurance identification and registration documents, and as the State accurately

13

informed the municipal court, defendant was not charged with failure to produce those documents. In sum, we agree with Judge Kazlau's determination that there was sufficient evidence to affirm defendant's convictions on all three charges. The evidence simply does not support her argument that she had an active license and registration at the time of the motor vehicle stop, contrary to the CJIS 2000 response and Officer Roman's testimony. Accordingly, we affirm the judgment and sentence entered by Judge Kazlau.

To the extent we have not addressed any of defendant's remaining arguments, we discern they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division