DAVID D. ENNIS v. JOE W. GARRETT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA

No. 122

(Filed 10 November 1971)

1. **Automobiles § 2— revocation of license — what constitutes "state of revocation"**

    A person whose driver's license was revoked from 2 January 1970 to 2 January 1971 and who had not complied with the statutory procedures for the restoration of his driving privilege at the time when he committed a moving violation on 6 March 1971 *is held* not a person whose driver's license is in a "state of revocation" so as to authorize the revocation of his driving privilege under G.S. 20-28.1; the status of the person is simply that of a person without a valid operator's or chauffeur's license. G.S. 20-6; G.S. 20-7(i1); G.S. 20-17; G.S. 20-19(f).

2. Automobiles § 2— binding effect of judgment relating to motor vehicle offense

 The Department of Motor Vehicles was bound by the judgment of a court of competent jurisdiction finding a person not guilty of driving while his license was revoked.

APPEAL by respondent from *Hall, J.*, at the 17 May 1971 Session of Harnett, heard prior to determination by the Court of Appeals.

The Department of Motor Vehicles revoked the petitioner's license to operate a motor vehicle for a period of one year, effective 9 April 1971, on the ground that he had been convicted of a motor vehicle moving offense while his license was revoked, purporting to act under the authority of G.S. 20-28.1. The petitioner, pursuant to G.S. 20-25, filed his petition in the superior court for a hearing and a judgment vacating the order of the Department. In the superior court the facts were stipulated. The court entered its judgment vacating the order of the Department and permanently restraining the respondent from revoking the petitioner's driving privilege by reason of his conviction of certain offenses committed on 6 March 1971. The court concluded from the stipulated facts that the petitioner's driving privilege was not in a state of revocation when the offenses in question were committed and that the order revoking his driving privilege by reason thereof was in excess of the respondent's authority. The respondent appealed, assigning the foregoing conclusions and judgment as error.

 The stipulated facts material to this appeal are these: On 2 January 1970, the petitioner was convicted in the District Court of Johnston County of driving while under the influence of intoxicating liquor. As the result of that conviction, the respondent entered an order revoking the petitioner's driving privilege, which revocation took effect 2 January 1970. The petitioner was eligible for reinstatement of his driving privilege on 2 January 1971. On 6 March 1971, the petitioner was charged with driving while under the influence of intoxicating liquor and with driving while his license was revoked. Being tried on these charges in the District Court of Johnston County on 19 March 1971, he was found not guilty of driving while his license was revoked, but was convicted of careless and reckless driving and of driving without a valid operator's license. (Presumably, he was found not guilty of driving under the

influence of intoxicating liquor.) On 6 March 1971, the petitioner had not applied for a reinstatement of his driving privilege and had not paid the $10.00 fee required by G.S. 20-7 (il) for restoration of a previously revoked license. By reason of the convictions of the petitioner in the District Court of Johnston County on 19 March 1971, the respondent entered an order revoking the petitioner's privilege for a period of one year, effective 9 April 1971.

*Attorney General Morgan and Assistant Attorney General Costen for respondent-appellant.*

*Stewart and Hayes by Gerald Hayes, Jr., for petitioner-appellee.*

LAKE, Justice.

[1]  G.S. 20-28.1 (a) provides, "Upon receipt of notice of conviction of any person of a motor vehicle moving offense, such offense having been committed while such person's driving privilege was in a state of suspension or revocation, the Department shall revoke such person's driving privilege for an additional period of time as set forth in subsection (b) hereof." The revocation ordered by the respondent is for the period specified in paragraph (b) of this statute. Thus, the sole question upon this appeal is whether the petitioner's driving privilege was in a state of suspension or revocation on 6 March 1971, he having been convicted of a motor vehicle moving offense committed on that date.

G.S. 20-6 provides:

" 'Revocation' shall mean that the licensee's privilege to drive a vehicle is terminated *for the period stated in the order of revocation.*

" 'Suspension' shall mean the licensee's privilege to drive a vehicle is temporarily withdrawn." (Emphasis added.)

The parties have stipulated that the petitioner's driving privilege was *revoked* on 2 January 1970 upon his conviction of driving while under the influence of intoxicating liquor.

G.S. 20-17 provides:

*"Mandatory revocation of license by Department.—* The Department shall forthwith revoke the license of any

operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses when such conviction has become final: * * *

"(2) Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug. * * * ."

G.S. 20-19(f) provides, in effect, that when an operator's license is revoked by the Department on the ground of the holder's first conviction of driving a motor vehicle while under the influence of intoxicating liquor, "the period of revocation shall be one year." Obviously, the Department of Motor Vehicles cannot revoke an operator's license for a period in excess of that prescribed by the statute. The respondent contends that G.S. 20-19(f) must be read in conjunction with G.S. 20-7(i1) which provides:

"Any person whose operator's or chauffeur's license or other privilege to operate a motor vehicle in this State has been suspended, canceled or revoked pursuant to the provisions of this chapter shall pay a restoration fee of ten dollars ($10.00) to the Department prior to the issuance to such person of a new operator's or chauffeur's license or the restoration of such operator's or chauffeur's license or privilege, (sic) such restoration fee shall be paid to the Department in addition to any and all fees which may be provided by law."

The respondent's contention is that a revocation remains in effect not only throughout the period stated in the order of revocation but also until the person whose license was revoked applies for a restoration of his license and pays the restoration fee. This is contrary to the definition of "revocation" in G.S. 20-7, above quoted. G.S. 20-7(i1) does not expressly extend the period of a suspension, cancelation or revocation. On its face, it merely provides for the payment of a fee for an administrative act by the Department. It cannot reasonably be given the construction for which the respondent contends.

When the period of revocation stated in the order of revocation terminates, the license is no longer "in a state of suspension or revocation" within the meaning of G.S. 20-28.1(a). This does not mean that the former holder of the license may immediately resume driving. Before he may do so the fee required by G.S. 20-7(i1) must be paid. In the interim,

he is simply a person without a valid operator's or chauffeur's license. If, in that interim, he operates a motor vehicle upon a highway of this State, he is subject to the penalties provided for one who operates a motor vehicle without a valid operator's or chauffeur's license, but G.S. 20-28.1(a) does not apply to his conviction of a "motor vehicle moving offense" during such interim.

[2] Furthermore, in this instance, it is stipulated that by reason of his activities on 6 March 1971, this petitioner was charged with driving while his license was revoked, that this charge was heard in the District Court of Johnston County and, upon this charge, the petitioner was found not guilty. Such judgment by a court of competent jurisdiction to hear and determine such charge is binding upon the State, and so upon the respondent.

It follows that the order of the Department revoking the petitioner's driving privilege for one year on account of his conviction of offenses committed 6 March 1971 was not within the authority conferred upon the Department of Motor Vehicles by G.S. 20-28.1.

Affirmed.