959 P.2d 845

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Federico RESENDIZ–FORTANEL, Defendant–Respondent.**

No. 23387.

Court of Appeals of Idaho.

May 29, 1998.

Review Denied July 2, 1998.

Alan G. Lance, Attorney General, Kimberly A. Coster, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Robert L. Crowley, Jr., Rigby, for respondent. Robert L. Crowley, Jr. argued.

SCHWARTZMAN, Judge.

This is an appeal from the dismissal of a charge for driving without privileges. We reverse and remand for proceedings consistent with this opinion.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Federico Resendiz–Fortanel was convicted of driving under the influence and driving without privileges in July of 1994. As a result, his driving privileges were suspended from July 21, 1994, until January 17, 1996. When the period of his suspension expired, Resendiz failed to file for reinstatement.[1] Subsequently, on June 21, 1996, Resendiz was stopped by a police officer for running a stop sign. He was arrested and charged

---

1. The written order and notice suspending Resendiz's driving privileges indicates that "the expiration of the period of this suspension does not reinstate your driver's license," and requires a driver to apply to the Department of Transportation for reinstatement of a driver's license "after the suspension period expires."

with felony driving without privileges in violation of I.C. §§ 18–8001(1) and (5). The offense qualified as a felony because it was Resendiz's third citation for driving without privileges within a five-year period. *See* I.C. § 18–8001(5).

Resendiz moved to dismiss the charge, asserting that although he had failed to have his driving privileges reinstated, his driving privileges were not "suspended" at the time of his arrest. The prosecutor opposed Resendiz's motion, arguing that the plain language of I.C. § 18–8001, when read in conjunction with the statutes governing the suspension and reinstatement of driving privileges, clearly demonstrates that once an individual's driving privileges are suspended, they remain suspended until a reinstatement fee is paid. After considering these claims, the district court determined that because Resendiz was eligible to have his driving privileges reinstated, his privileges were no longer suspended at the time he was cited for driving without privileges despite his nonpayment of a reinstatement fee. Rather, Resendiz was operating a motor vehicle without a valid license and he was subject to prosecution pursuant to I.C. § 49–301(1), which requires all persons who drive any motor vehicle upon a highway to have a valid Idaho driver's license. Accordingly, the district court granted Resendiz's motion to dismiss. The state then filed an appeal.

## II.

### STANDARD OF REVIEW

■ This Court exercises free review over the application and construction of statutes. *State v. Browning,* 123 Idaho 748, 749, 852 P.2d 500, 501 (Ct.App.1993); *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992). However, "[s]eperate statutes dealing with the same subject matter should be construed harmoniously, if at all possible, so as to further the legislative intent." *State v. Maland,* 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct.App.1993). Neverthe-

less, "[w]hen two statutes cover the same subject matter, the more specific will prevail." *Id.*

## III.

### ANALYSIS

■ The state asserts that once Resendiz's driving privileges were suspended, they remained suspended until he took affirmative steps and met all requirements for reinstatement. The state argues that because Resendiz failed to have his driver's license reinstated, he was subject to prosecution for driving without privileges pursuant to I.C. § 18–8001(1) rather than driving without a license pursuant to I.C. 49–301(1), and the district court erred in dismissing the information against him. Idaho Code § 18–8001(1) provides that

> [a]ny person who drives or is in actual physical control of any motor vehicle upon the highways of this state with knowledge that his driver's license, driving privileges or permit to drive is revoked, disqualified or suspended in this state or any other jurisdiction is guilty of a misdemeanor.

The district court found I.C. § 18–8001 to be inapplicable and determined that the only offense Resendiz could be prosecuted for would be a violation of I.C. § 49–301(1), which provides that "[n]o person . . . shall drive any motor vehicle upon a highway unless the person has a valid Idaho driver's license."

The state argues that because the legislature has not provided for automatic reinstatement of driving privileges at the end of a period of court-ordered suspension, the legislature intended that absent formal reinstatement by a driver, driving privileges remain suspended indefinitely for purposes of I.C. § 18–8001. On appeal, the state now relies on I.C. § 49–1208(2) to support this proposition.[2] Section 49–1208(2) provides that

2. The state did not argue I.C. § 49–1208(2) before the district court as one of the requirements a driver must comply with in order to avoid continued suspension status. Thus, the district court's order dismissing the information was made without reference to or an analysis of this statute. The record at this time contains no evidence of whether Resendiz provided proof of financial responsibility in compliance with I.C. § 49–1208(2).

[w]henever the department or a court suspends, or the department revokes a resident's driver's license or nonresident's driving privilege by reason of a conviction, forfeiture of bail, or upon a plea or finding of guilty, the license or privilege *shall remain suspended or revoked unless the person shall have previously given or shall immediately give and maintain proof of financial responsibility.* (emphasis added).

Despite the specific language contained in I.C. § 49–1208(2), a number of other applicable statutes are in apparent conflict with I.C. § 49–1208(2)'s explicit mandate. For example, I.C. § 49–328(1) provides that *"[w]hen the period of revocation, disqualification or suspension has expired,* or the reason for the revocation, disqualification or suspension no longer exists, the department *shall* reinstate the driver's license or driving privileges on application of the driver." (emphasis added). This section presumes that a suspension is limited to a specific time frame, and following the expiration of that time period, a driver's license is no longer suspended and will be reinstated upon application. In addition, I.C. § 49–120(30) (renumbered at I.C. § 49–120(31)) defines the "suspension of [a] driver's license" as "the *temporary* withdrawal by formal action of the department or as otherwise provided in this title of a person's driver's license or privilege to operate a motor vehicle on the public highways, which *temporary* withdrawal shall be for a period specifically designated by the department." (emphasis added). This section suggests that a period of suspension must be temporary, a proposition contrary to the state's assertion that driving privileges may be perpetually suspended. Read together, sections 49–328(1) and 49–120(30) recognize the *temporary* nature of a license suspension for a definite period of time, while I.C. § 49–1208(2) mandates that a suspension continue indefinitely unless a driver maintains proof of financial responsibility.

Resendiz argues that this Court in *State v. Clifford,* 130 Idaho 259, 939 P.2d 578 (Ct. App.1997), resolved this issue by way of dictum. In *Clifford,* the defendant's driving privileges were suspended for three months following his conviction for underage consumption of alcohol. Simultaneously, he was granted a restricted permit to drive for purposes of work and health only. Two months later, a police officer observed the defendant driving into the parking lot of a bowling alley. Upon inquiry, the defendant informed the officer that his destination was the bowling alley, a purpose related neither to work nor health. The defendant was cited and subsequently found guilty by a magistrate judge for driving without privileges, I.C. § 18–8001. On appeal, the defendant argued that by exceeding the scope of his restricted driving permit, he was guilty of driving with an invalid license, I.C. § 49–301, but not guilty of driving without privileges, I.C. § 18–8001.

This Court rejected the defendant's argument and held that when he operated a motor vehicle for reasons unrelated to work or health during the three month suspension period, that is, for purposes outside the scope of his restricted permit, he drove without any privileges whatsoever and had been properly charged. In dictum, we also noted that

if Clifford [the defendant] did not have his privileges reinstated at the conclusion of the suspension period, then he could be cited for violation of I.C. § 49–301 upon operating a motor vehicle because at that point his privileges would no longer be suspended, but he would not have a valid license to drive.

*Clifford,* 130 Idaho at 262, 939 P.2d at 581. The parties in *Clifford* did not, however, brief or argue I.C. § 49–1208(2) before this Court because the defendant was clearly within the specified time of his suspension and I.C. § 49–1208(2) would have been wholly inapplicable.

Although Resendiz argues that the failure to provide proof of financial responsibility does not extend the period of suspension, we cannot ignore the specificity of I.C. § 49–1208(2)'s language. We do agree, however, with the district court's conclusion that a period of suspension or revocation is not extended by a driver's failure to apply for or pay fees associated with the reinstatement of his or her driving privileges. *See Frink v. Indiana,* 568 N.E.2d 535 (Ind.1991) (driver's

failure to file for reinstatement following expiration of suspension period did not subject driver to charges for driving while license suspended); *New Jersey v. Somma,* 215 N.J.Super. 142, 521 A.2d 386 (N.J.Super. Law Div.1986) (lack of payment of license restoration fee following period of revocation did not extend the period of revocation and subject the driver to charges for driving while suspended); *Ennis v. Garrett,* 279 N.C. 612, 184 S.E.2d 246 (1971) (failure to pay restoration fee following period of revocation does not extend period of revocation but merely subjects the driver to penalties for operating a motor vehicle without a valid operator's license); *Ohio v. Roberts,* 62 Ohio St.2d 94, 403 N.E.2d 971 (1980) (driver's license suspension expired by operation of law and failure to apply for reinstatement and demonstrate proof of financial responsibility did not extend period of suspension); *Pennsylvania v. Parfitt,* 286 Pa.Super. 279, 428 A.2d 991 (1981) (driver who operates motor vehicle following a period of revocation of his driving privileges but prior to reinstatement cannot be convicted of driving with a revoked license). Nevertheless, if the un-

derlying suspension falls within the ambit of I.C. § 49–1208(2), that suspension is extended unless or until the driver shall have given or shall immediately provide the Department with proof of financial responsibility. *See and compare State v. Bedard,* 120 Idaho 869, 872, 820 P.2d 1226, 1229 (1991).

We recognize that the state failed to argue I.C. § 49–1208(2) before the district court and thereby deprived Resendiz of the opportunity to address its applicability to his situation. Accordingly, we reverse the order of the district court dismissing the information against Resendiz for driving without privileges and remand for proceedings consistent with this opinion.[3]

PERRY, J., and BURDICK, J. Pro Tem., concur.

---

**3.** On remand, the district court may wish to conduct further proceedings as to whether Resendiz was in compliance with I.C. § 49–1208(2), or otherwise set the matter for trial.