Jennifer ALLEN, Appellant,

v.

The STATE of Texas.

No. 756–00.

Court of Criminal Appeals of Texas.

June 27, 2001.

Greg Gladden, Houston, for Appellant.

Barbara A. Drumheller, Asst. DA, Houston, Kevin M. Givens, Att., ALR Appeals, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court, joined by MEYERS, PRICE, WOMACK, KEASLER, and HOLCOMB, JJ.

The appellant was convicted by a jury of driving with a suspended license. The First Court of Appeals reversed her conviction holding that failure to pay a reinstatement fee did not continue the period of appellant's license suspension beyond the statutory 90 day period. We affirm holding that at the conclusion of the statutory 90 day suspension period, the appellant's failure to pay the $100 fee effectively rendered her status as one driving without a license.

The appellant was arrested on November 27, 1996, for suspicion of driving while intoxicated. After her arrest, she refused to submit to the taking of a specimen of her breath as requested. Because of her refusal, she had her driver's license suspended for 90 days pursuant to Texas Transportation Code § 724.035.[1] Her driver's license was suspended by the Texas Department of Public Safety (DPS) from January 8, 1997, through April 5, 1997.

On August 22, 1997, more than four months after the suspension period ended, the appellant was involved in a traffic accident. The responding officer ran a check on her driver's license and found that the license was still suspended. The appellant was unaware of the suspended status of her license. She had not received notice from DPS because she had moved without informing the Department of her address change. She was subsequently convicted by a jury and sentenced to 30 days in jail (probated for six months) and fined $150 for driving with a suspended license. DPS continued the suspension of the appellant's driver's license beyond April 5, 1997, because a $100 reinstatement fee had not been paid to the Department as required according to its reading of Texas Transportation Code § 724.046(a).[2]

The appellant's conviction was reversed by the First Court of Appeals. The Court of Appeals found that § 724.046(a) of the Transportation Code did not continue the suspension of a driver's license beyond the 90 day period prescribed under § 724.035 of the same code. Applying rules of statutory construction found in the Texas Gov-

---

1. § 724.035. Suspension or Denial of License
   (a) If a person refuses the request of a peace officer to submit to the taking of a specimen, the department shall:
   (1) suspend the person's license to operate a motor vehicle on a public highway for 90 days if the person is 21 years of age or older or 120 days if the person is younger than 21 years of age; or . . .
   See TEX. TRANSP. CODE ANN. § 724.035 (Vernon 1999).

2. § 724.046. Reinstatement of License or Issuance of New License

   (a) A license suspended under this chapter may not be reinstated or a new license issued until the person whose license has been suspended pays to the department a fee of $100 in addition to any other fee required by law. A person subject to a denial order issued under this chapter may not obtain a license after the period of denial has ended until the person pays to the department a fee of $100 in addition to any other fee required by law. See TEX. TRANSP. CODE ANN. § 724.046 (Vernon 1999).

ernment Code,[3] the Court of Appeals determined that the legislature intended § 724.046(a) of the Transportation Code to be a revenue raising provision to offset the cost of administering the license suspension program. The Court of Appeals did not find that the legislature intended § 724.046(a) of the Transportation Code to extend a period of suspension until the reinstatement fee was paid.

■ In analyzing the meaning of § 724.046(a) we begin by looking at its language. *Ex parte Evans,* 964 S.W.2d 643, 646 (Tex.Crim.App.1998). "If the language of a statute is not ambiguous, we must give effect to the plain meaning of its words unless doing so would lead to absurd results." *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex.Crim.App.1997). We read the plain language of the text of § 724.046(a) of the Transportation Code to require the procurement of a new license once the 90 day suspension period has expired and the $100 fee is not paid. Requiring a reinstatement fee to be paid before ending a suspension would otherwise create suspensions of indefinite length. The statute under which the appellant's license was suspended prescribed a *definite period* of suspension (90 days). *See* Tex. Transp. Code Ann. § 724.035 (Vernon 1999). Thus the Court of Appeals was correct.

■ The State complains that the Court of Appeals did not defer to DPS's consistent application of its interpretation of the statute. In construing a statute, the court is required to give weight to the interpretation given by the agency charged with enforcing the statute as long as that interpretation follows legislative intent. *See Texas Water Comm'n v. Brushy Creek Mun. Utility Dist.,* 917 S.W.2d 19, 21 (Tex. 1996). The Court of Appeals did consider the interpretation of the statute given by DPS and found it to be inharmonious with the intent of the legislature. *See Allen v. State,* 11 S.W.3d 474, 479 (Tex.App.— Houston, 2000, pet.granted).

The State also complains that the Court of Appeals decision renders Transportation Code § 724.046(a) "wholly unenforceable" by allowing drivers to disregard the law by refusing to pay the reinstatement fee without any consequences. This argument ignores other possible penalties under the Code. While the Court of Appeals ruling may seem to deny DPS a tool for collection of the reinstatement fee, there are other consequences for drivers in the appellant's situation. Because the appellant had not notified DPS of her change of address as required under Transportation Code § 521.045, she is subject to penalties under that provision. She also did not surrender her driver's license upon request as required under Transportation Code § 521.451(4), a Class B misdemeanor. *See* Tex. Transp. Code Ann. § 721.451 (Vernon 1999). The appellant would not have been able to display a license on demand, (to an officer) in violation of Transportation Code § 521.025, a misdemeanor punishable by a fine up to $200 with increasing penalties for subsequent violations. *See* Tex. Transp. Code Ann. § 521.025 (Vernon 1999). In addition to the preceding statutes, Transportation Code § 521.461 allows for a fine up to $200 for violating provisions of the chapter without specific penalties. *See* Tex. Transp. Code Ann. § 521.461 (Vernon 1999).

Whether Transportation Code § 724.046(a) creates a continuing period of license suspension or not is an issue of first impression in this Court. If the legislative intent behind laws governing the

**3.** *See* Tex. Gov't Code Ann. § 311.023 (Vernon 1999).

suspension of licenses is to promote public safety of motorists,[4] the collection of an *administrative* fee does nothing to accomplish that intent and has no direct impact on the public safety of motorists.

Furthermore, Section 521.374(b) reads, "The period of suspension or prohibition under Section 521.372(c) continues for an indefinite period of time until the individual successfully completes the educational program."[5] TEX. TRANSP. CODE § 521.374(b). If the legislature intended the suspension to continue beyond the ninety-day period required by section 724.035 until the $100 fee was paid, then it could have used language like that in section 521.374(b). Because such language was not used, the period of suspension is not extended by failure to pay the fee.

For the forgoing reasons, we affirm the Court of Appeals. The nonpayment of the reinstatement fee under Texas Transportation Code § 724.046(a) does not continue the statutorily mandated 90 day suspension period under Texas Transportation Code § 724.035.

PRICE, J., filed a concurring opinion.

HOLLAND, J., filed a dissenting opinion, joined by KELLER, P.J., and JOHNSON, J.

---

4. "Laws subjecting intoxicated motorists to suspensions of driving licenses are intended to remove dangerous drivers from roadways to protect both themselves and other motorists." *See Texas Dept. of Public Safety v. Dear*, 999 S.W.2d 148, 152 (Tex.App.—Austin 1999, no pet.).

5. Section 521.372(c) reads in relevant part, "Except as provided by Section 521.374(b), the period of suspension under this section is 180 days after the date of final conviction...."

PRICE, J., filed a concurring opinion.

I join the opinion of the Court. I write separately only to express additional reasons in support of the decision today.

### Driving Without a (Valid) License

Section 521.021 of the Texas Transportation Code reads, "A person ... may not operate a motor vehicle on a highway in this state unless the person holds a driver's license under this chapter."[1] However, section 521.021's predecessor, Revised Civil Statutes article 6687b, section 2(a), referred to a person who holds a valid license. *See* Act of April 14, 1941, 47th Leg., R.S ., ch. 173, 1941 Tex. Gen. Laws 245, 247, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1544. Furthermore, the former definitions section of article 6687b, section 1(3)(B), referred to a valid license.[2] *See* Act of May 29, 1983, 68th Leg., R.S., ch. 345, 1983 Tex. Gen. Laws 1793, 1794, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1543–44. According to the revisor's notes to section 521.021, the term valid was removed from section 521.021 for the same reason it was removed from the definitions section. *See* TEX. TRANSP. CODE ANN. § 521.021 revisor's note (Vernon 1999). The revisor's notes to the definitions section explained that the term valid was omitted as "unnecessary because the

---

1. Unless otherwise noted, all references to sections or chapters will refer to the Texas Transportation Code.

2. The original act read, "No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of the act." Act of April 14, 1941, 47th Leg., R.S., ch. 173, 1941 Tex. Gen. Laws 245, 247, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1544.

word does not add to the clear meaning of the law. For example, a document purporting to be a license is no longer a license if it is expired and is not a license if it is a forgery." TEX. TRANSP. CODE ANN. § 521.001 revisor's note (Vernon 1999). When the legislature recodified article 6687b, it expressly stated that it did not intend to make any substantive changes in the law. *See* Act of May 1, 1995, 74th Leg., R.S., ch.165, § 25, 1995 Tex. Gen. Laws 1025, 1871.

When the legislature recodified article 6687b into chapter 521 of the Transportation Code, it intended to maintain the substance of the laws. The term valid in section 521.021 was unnecessary and thus, omitted in the recodification because it was already part of the clear meaning of the term license. *See* TEX. TRANSP. CODE ANN. § 521.001 revisor's note (Vernon 1999); *cf. Hicks v. State*, 18 S.W.3d 743, 744 (Tex. App.—San Antonio 2000, no pet. h.) (dealing with section 521.021 and noting that it "is well established [that] the State of Texas can and does require a valid driver's license for all persons operating motor vehicles on the roads of the State."). Since no substantive changes were intended to be made to section 521.021, license must mean valid license. Here, the appellant was not operating a motor vehicle with a valid license and thus, violated section 521.021.

### Driving While License Invalid

The title of the offense for which the defendant was charged is "driving while license invalid." *See* TEX. TRANSP. CODE § 521.457. However, this code provision deals with licenses that have been made invalid through cancellation under chapter 521; suspension or revocation under chapters 521, 524, and 724 (as well as article 42.12 of the Code of Criminal Procedure and section 106.071 of the Alcoholic Beverages Code); or license expiration during a period of suspension. *See* TEX. TRANSP. CODE § 521.457(a)(1)-(3). The section does not deal with licenses that cannot be classified as cancelled, suspended, or revoked at the time of the offense. *See id.*

Section 724.035 provides that when a person who is arrested for DWI refuses to give a specimen, the department shall "suspend [his] license to operate a motor vehicle on a public highway for 90 days ..." TEX. TRANSP. CODE § 724.035. The language in this statute is clear; upon refusal to provide a sample, the license is suspended for the definite period of ninety days. Neither section 724.035 nor section 724.046 discuss extending the period of time the license may be suspended beyond the ninety-day period. Because the ninety day suspension-period had ended when the appellant was arrested, her license was not in a state of suspension.

Other jurisdictions have made similar observations while dealing with this issue in their own statutory schemes.[3] In *Ennis v. Garrett*, 279 N.C. 612, 184 S.E.2d 246 (1971), the North Carolina Supreme Court had to determine whether failure to pay a $10 restoration fee extended the period of revocation. The relevant North Carolina Statute read, "Any person whose [license] to operate a motor vehicle in this State has been suspended, canceled or revoked pursuant to the provisions of this chapter shall pay a restoration fee of ten dollars to the Department prior to the issuance to such person of a new [license] or the restoration of such [license], such restoration fee shall be paid to the Department...." *See id.* at 288, 184 S.E.2d 246. The Court held that failure to pay the fee did not extend the

---

**3.** Although there are differences in the statutory schemes between Texas and other jurisdictions, we may still glean some guidance from how the issue is treated in other States.

period of revocation. The statute "does not expressly extend the period of a suspension, cancellation or revocation. On its face, it merely provides for the payment of a fee for an administrative act by the Department." *Id.; see also Frink v. Indiana*, 568 N.E.2d 535, 538 (Ind.1991) (finding the language "no person whose operating privileges have been suspended ... shall have those privileges restored until a reinstatement fee has been paid," did not extend the initial period of suspension until the fee was paid); *State v. Resendiz–Fortanel*, 131 Idaho 488, 959 P.2d 845, 848 (1998) (agreeing with the conclusion that a period of suspension or revocation is not extended by a driver's failure to apply for or pay fees associated with the reinstatement, but holding the license remains suspended, by the express terms of the Idaho statute, for failure to give proof of financial responsibility); *but see People v. Martinez*, 184 Ill.2d 547, 235 Ill.Dec. 452, 705 N.E.2d 65, 67 (1998) (finding that after revision, the language that "Full driving privileges may not be restored until all applicable fees ... have been paid to the Secretary of State," creates a prerequisite to ending suspension).

If the legislature wanted the suspension period to continue beyond the ninety-day period required under section 724.035, then it could have said so explicitly. For example, other States provide a model for expressing the intent that the suspension period continues until the fine is paid. Montana law provides, "[A] driver's license that has been suspended or revoked under 61–5–205 [conviction or bail forfeiture for certain crimes] or 61–8–402 [refusal to submit to breath and blood tests] must remain suspended or revoked until the driver has paid to the department a fee of $100...." MONT.CODE ANN. § 61–2–107(1) (2000). Similarly, North Dakota law provides, "When the period of suspension imposed under this title ceases, the operator's license or driving privilege that has been suspended may not be returned or reinstated, and remains under suspension, until the operator pays to the director a reinstatement fee...." N.D. CENT.CODE § 39–06–35 (2000).

With these comments, I join the opinion of the Court.

HOLLAND, J., delivered a dissenting opinion, which was joined by KELLER, P.J., and JOHNSON, J.

I respectfully dissent to the Court's holding that appellant's failure to pay the license reinstatement fee did not continue the suspension period until the reinstatement fee had been paid. The majority's conclusion—that appellant's failure to pay the reinstatement fee within 90 days changed her status to being someone who was driving without a license—is not a fair interpretation of the plain language of the statute in the instant cause.

Appellant was charged with, and prosecuted for, the offense of driving with license suspended.[1] Appellant's license was suspended for 90 days pursuant to the provisions of Section 724.035 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1). Appellant failed to pay her reinstatement fee as required by statute. *See* TEX. TRANSP. CODE

---

1. Appellant was charged by an information with the instant offense under the title of Driving While License Suspended. Her conviction and judgment reflect this title. But, as is pointed out in briefs before this Court, the proper title of the offense under which appellant was convicted is Driving While License Invalid. The title for this offense was changed by the Legislature in 1995. *See* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, § 521.457, 1995 Tex. Gen. Laws 1025, 1576. The alteration of the title was not accompanied by a substantive change in the elements of the offense.

ANN. § 724.046(a). The State advanced the theory that appellant's license suspension continued past the 90–day period because she failed to pay her reinstatement fee. This theory carried the implication that appellant's suspension continues until she pays her reinstatement fee. This theory is supported by the plain language of Section 724.046(a)(1).

A reviewing court should always focus its attention on the "literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). In examining the text of a statute, we know the following:

> [T]he text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only definitive evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment. Yet a third reason for focusing on the literal text is that the Legislature is constitutionally entitled to expect that the Judiciary will faithfully follow the specific text that was adopted.

*Id.* (emphasis in original). If the fair and objective meaning of the statutory text should have been plain to the legislators who voted on it, we will give effect to that meaning. *See id.*

In applying this standard to the instant cause, subsection (a) of section 724.046 describes how appellant's suspension continued through the time of her arrest. The statute provides that a license which has been suspended under Chapter 724 cannot be reinstated, or a new license issued, until the $100 fee is paid. *See id.* The statute further provides that a driver subject to a denial order issued under Chapter 724 may not obtain a new license even after the "period of denial has ended" until he or she pays the outstanding fee. *See id.* If a driver's license is suspended and the driver does not pay the reinstatement fee, that driver will not be able to have his or her license reinstated. *See id.* Under the terms of the statute, appellant's failure to pay her reinstatement fee meant that her suspension continued. Based upon the plain language of the statute, I would conclude that the Legislature intended that a license suspended under Chapter 724 will remain suspended until the fee attendant to that suspension is paid.

The majority concludes, however, that appellant's period of suspension terminated after 90 days, regardless of whether or not she paid a reinstatement fee. The majority asserts that to continue the period of suspension until payment of the reinstatement fee would be contrary to the statement in Section 724.035 that the suspension will be for a *"definite period* of suspension (90 days)." *See infra,* slip op. at 4(italics in original). I believe this conclusion it unfounded and insupportable.

I first note that Section 724.035 does not contain the language "definite period" when describing the length of the period of suspension. Moreover, Section 724.035 establishes five different periods for the suspension of driver's licenses, which are all based on different conditions. Section 724.046 establishes another condition that defines the length of the period of suspension—the driver must pay his or her reinstatement fee in order to invoke the applicable time limit established by Section 724.035. Finally, even though the majori-

ty implies that my interpretation of 724.046 will create an indefinite period of suspension, I disagree. The termination of the period of suspension is clearly defined and determined under this theory—it will end upon payment of the $100 reinstatement fee.

In contrast, the majority's conclusion that the period of suspension should be terminated after 90 days regardless of whether the reinstatement fee has been paid runs counter to the intent of the Legislature, as evinced by the plain language of Sections 724.035 and 724.046.[2] The majority argues that if the Legislature had meant for the period of suspension to continue until the reinstatement fee had been paid, it would have explicitly set that out in the statute. But, in its holding, the majority has effectively written into Section 724.046 the result that a driver's license is terminated or revoked if the reinstatement fee is not paid within the applicable statutory period set under Section 724.035. Perhaps the Legislature could have been more definite in writing the statute. But the majority takes liberal steps in its interpretation, effectively rewriting the statute.

The majority's concession that appellant could have been prosecuted for any one of a number of other traffic offenses is of no consequence. The Legislature has established one offense that applies to appellant and all other defendants like her: driving while license invalid. But those alternative traffic offenses are not to be used for the purpose of enforcing a driver's license suspension under Section 724.035. The existence of these offenses and their potential applicability to appellant do not affect appellant's prosecution under Sections 724.035 and 724.046.

In conclusion, the majority erroneously holds that appellant's driver's license was *effectively* terminated or revoked when she failed to pay her reinstatement fee within 90 days and grants appellant an acquittal. For the previously stated reasons, I disagree and would reverse the court of appeals.

I respectfully dissent.

---

2. The majority also states that the issue whether Section 724.046 "creates a continuing period of suspension or not is not an issue of first impression in *this Court." Infra,* slip op. at 6 (italics added). They base this conclusion on two statements. First, the majority cites to a lower court opinion, where no petition for discretionary review was filed, which opined that the Legislature's goal in establishing rules for the suspension of driv-

er's licenses is to promote the public safety of motorists. *See id.* n. 4. Second, the majority asserts, without support of any authority, that the collection of an administrative fee "does nothing to accomplish that intent." *Id.*

Neither of these statements describes how and when the instant issue has come before this Court prior to this cause. I would conclude this is an issue of first impression in this Court.