172 P.3d 551

**In the Matter of John Doe, a minor under 18 years of age.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John DOE, Defendant–Appellant.**

No. 33475.

Court of Appeals of Idaho.

Nov. 1, 2007.

Robin M. Weeks, Twin Falls County Public Defender, Twin Falls, for appellant. Robin M. Weeks argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

PERRY, Chief Judge.

John Doe, a minor, appeals from the intermediate appellate order of the district court affirming the magistrate's decree that Doe fell within the purview of the Juvenile Corrections Act (JCA) for being incorrigible. For the reasons set forth below, we reverse the district court's order and vacate the magistrate's decree.

## I.

### FACTS AND PROCEDURE

Doe had been residing with his older sister in California for about a year when, on July 5, 2005, he went to his parents' residence in Idaho. On July 7, Doe, who was fifteen years old, had a disagreement with his parents about whether he would be permitted to continue living with his sister in California. Doe wanted to return to California, but his parents wanted him to remain with them. During the disagreement, Doe left the residence to "cool off." Doe's sister, who was also present at the Idaho residence, became alarmed when Doe left and called the police. An officer located Doe across the street from his parents' residence. Another officer went to the residence, where the parents told the officer that they did not want Doe to be charged with anything for his conduct. The officer with Doe warned him that, if the police were called back to the residence again that night, Doe would be arrested for being incorrigible. Later that night, the police responded to a call that there was a suicidal fifteen-year-old male at the same residence. Doe told the police that he had threatened to harm himself with a lamp cord. The officer who had spoken with Doe during the initial encounter then arrested Doe.

The state filed a petition alleging that Doe fell under the purview of the JCA. The petition alleged that Doe committed two counts of being incorrigible, in violation of Twin Falls City Ordinance 6–6–3, on or about July 7, 2005. The first count was for "arguing with his parents," and the second count was for "leaving the house without permission." The magistrate held an adjudicatory hearing. At the close of the state's evidence, Doe moved to have the case dismissed, arguing the state had not met its burden of proof. The magistrate denied the motion, and Doe presented evidence in his defense. The magistrate found that Doe fell within the purview of the JCA for being incorrigible by arguing with his parents, as charged in the first count, but not for leaving the house without permission, as charged in the second count. Prior to his disposition hearing, Doe pled guilty to petit theft in a separate case. The magistrate sentenced Doe to concurrent terms of thirty days detention for being incorrigible and ninety days detention for petit theft. However, the magistrate suspended seventy-four days of detention and placed Doe on probation for six months. Doe ap-

pealed to the district court. The district court affirmed the decree of the magistrate finding Doe to be within the purview of the JCA for violating the incorrigible ordinance. Doe again appeals.

## II.

## STANDARD OF REVIEW

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

## III.

## ANALYSIS

On appeal, Doe asserts that there was insufficient evidence to find that he fell within the purview of the JCA by arguing with his parents and that the ordinance is unconstitutionally overbroad and vague. The state asserts that Doe did not raise the constitutional arguments in the trial court. Because the sufficiency of the evidence issue is dispositive, we need not address the constitutional issues or whether Doe preserved them below.

■ Doe first frames the sufficiency of the evidence issue as an assertion of error in the magistrate's denial of his motion for a judgment of acquittal at the conclusion of the state's case-in-chief. However, by presenting evidence in defense at the adjudicatory hearing, Doe waived any objection to the denial of that motion. *See State v. Clifford*, 130 Idaho 259, 263, 939 P.2d 578, 582 (Ct.App.1997).[1] *See also State v. Watson*, 99 Idaho 694, 698, 587 P.2d 835, 839 (1978); *State v. Henninger*, 130 Idaho 638, 640, 945 P.2d 864, 866 (Ct. App.1997); *State v. Ashley*, 126 Idaho 694, 699, 889 P.2d 723, 728 (Ct.App.1994), *on denial of petition for rehearing*. This Court, therefore, will conduct a review of all of the evidence presented at the adjudicatory hearing to determine whether it was sufficient to support the magistrate's finding. *See Henninger*, 130 Idaho at 640, 945 P.2d at 866.

■ Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The magistrate found Doe was within the purview of the JCA for being incorrigible by arguing with his parents in violation of Twin Falls City Ordinance 6–6–3 on or about July 7, 2005. We must therefore determine if Doe's conduct was prohibited by the ordinance. The pertinent part of the ordinance makes it unlawful for "any person under the age of eighteen (18), living or found in the jurisdiction" to commit "any act or acts which render him incorrigible or places him beyond the control of his parents, guardian or other legal custodian." Twin Falls City Ordinance 6–6–3. Section 6–6–1 of the ordinance defines "incorrigible" as "Any juvenile who is uncontrollable."

■ Rules for construction of an ordinance are the same as for construction of a statute. *State v. Roll*, 118 Idaho 936, 939 n. 2, 801 P.2d 1287, 1290 n. 2 (Ct.App.1990). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory con-

---

1. We reject Doe's assertion that we should over- rule or modify *Clifford*.

struction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager,* 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Under the plain language of the ordinance, a juvenile commits a violation when he or she is uncontrollable or beyond the control of a legal custodian. We will, therefore, not overturn the magistrate's determination that Doe fell under the purview of the JCA if the record contains substantial evidence upon which a reasonable trier of fact could have determined that Doe acted in a way that made him uncontrollable or placed him beyond the control of his parents. Additionally, we must focus on the evidence of Doe's conduct on the date that the state charged him with violating the ordinance, which was the date of his arrest.

The testimony presented at the adjudicatory hearing did not include substantial evidence that Doe was uncontrollable or beyond the control of his parents on the date of his arrest. Doe's mother testified that, although Doe was angry and "raised his voice a little," he was respectful during the argument. Doe's father also testified that Doe was respectful during the dispute but that, when Doe's sister came from California, the "house turned upside down." Doe's sister called the police when Doe left the residence, but Doe's father testified that Doe received permission from him to leave the residence to get juice at a gas station. Neither parent testified that Doe was "uncontrollable" let alone that he was beyond their ability to control him. The arresting officer indicated that, when he was called to the residence the first time, he warned Doe that his conduct was incorrigible and that, if the officer was required to return again that night, he would arrest Doe for being incorrigible. The officer also testified, however, that Doe was "very cooperative" with the him on the first call and that the other officer told him that Doe's parents did not want the police to arrest Doe for his conduct.[2] The arresting officer further testified that, when the police were called out to the residence a second time, he explained to Doe that he would be going to the detention center because the police were called out to the residence a second time. None of this testimony by people actually present and observing Doe's behavior before his arrest indicates that he was beyond his parents' control. We are not persuaded by the state's reliance on Doe's probation officer's testimony about his interview with Doe on the day after his arrest. Doe's probation officer testified that, when he informed Doe that he would have to stay with his parents, Doe began yelling and stated that he would run away from his parents' home. Doe's threat to run away the day after his arrest, however, does not support a finding that he was incorrigible by arguing with his parents on the day of his arrest.

█ In sum, the testimony establishes that on the night of his arrest Doe raised his voice a little while he argued with his parents in a respectful manner and was arrested primarily because the police were called to

---

2. Doe did not specifically object on hearsay grounds to testimony by the arresting officer as to statements made by the other officer present.

the residence twice. We conclude that this does not constitute substantial evidence from which a reasonable trier of fact could have found Doe was beyond the control of his parents on July 7, 2005. Other courts that have discussed the phrase "beyond the control of the parents" have likewise held that the legislative body—in this case the Twin Falls City Council—could not have intended that phrase to include an isolated act by a minor which poses no hazard to the minor or anyone else. *See In re D.J.B.*, 18 Cal.App.3d 782, 96 Cal.Rptr. 146, 149 (1971); *In re Polovchak*, 97 Ill.2d 212, 73 Ill.Dec. 398, 454 N.E.2d 258, 263 (1983); *In re Galvan*, 384 So.2d 1000, 1003 (La.Ct.App.1980).

## IV.

### CONCLUSION

There was insufficient evidence for the magistrate to find Doe fell within the purview of the JCA under Twin Falls City Ordinance 6-6-3 for being incorrigible by arguing with his parents on July 7, 2005. Accordingly, we reverse the district court's order and vacate the magistrate's decree.

Judge LANSING and Judge GUTIERREZ concur.

