**Ex parte Les CANADY, Charlie Pennell, Isidro Mendez, and Donald Hawkins.**

Nos. 14–03–00559–CR to 14–03–00562–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 2004.

---

Roger A. Haseman, Houston, for appellants.

George D. Murphy, Jr., Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

The State appeals from the trial court's grant of habeas corpus relief to appellees. The State argues the trial court improperly construed a provision found in the Texas Water Code that bars subsequent prosecutions after an administrative penalty has been paid. We reverse and remand.

**Factual and Procedural Background**

During the hearing on appellees' application for writ of habeas corpus, the parties agreed to the following stipulated facts:

- In 1999, the Texas Natural Resource Conservation Commission (TNRCC) instituted an enforcement action against SeaTrax, Inc. and Emmett Properties, Inc. seeking sanctions against both companies for violations of the Texas Solid Waste Disposal Act, Texas Health & Safety Code, and the Texas Water Code.

- On June 14, 2000 the TNRCC assessed an administrative penalty against SeaTrax in an amount of $93,125.00 and an administrative penalty against Emmett Properties in the amount of $12,000.00, both pursuant to agreed orders that resolved the enforcement actions. The administrative penalties were assessed for violations of "the Act, the Code and the Rules of the TNRCC." Both SeaTrax and Emmett Properties paid the administrative penalties, and all monies were paid prior to the return of any indictments against appellees.

- On February 18, 2002, appellees were indicted individually in two hazardous waste disposal cases alleged to have occurred on or about February 19, 1999 and April 7, 1999.

- The administrative penalties assessed and paid by SeaTrax and Emmitt Properties were for "the same acts and violations of law" that are alleged in the indictments against each appellee.

- Appellees were employed by SeaTrax during the alleged dates of the violations and are all employees of SeaTrax.

Based on these facts, the trial court determined appellees were being prosecut-

ed for violations of law for which SeaTrax and Emmitt Properties had previously paid administrative penalties. The Texas Water Code contains a provision which prohibits the State from pursuing any additional civil or criminal prosecutions if an administrative penalty has been paid for the same violation. *See* TEX. WATER CODE ANN. § 7.068 (Vernon 2000). Thus, the court concluded that because SeaTrax and Emmitt Properties had already paid administrative penalties for violations that occurred on the same day, the State was prohibited from prosecuting appellees. The trial court thereafter granted habeas corpus relief.

## Discussion

◼ In its sole issue on appeal, the State argues the trial court erroneously interpreted section 7.068 of the Texas Water Code, thereby prohibiting the State from prosecuting appellees for improperly disposing of hazardous waste. Section 7.068 provides:

> Payment of an administrative penalty under this subchapter is full and complete satisfaction of the violation for which the penalty is assessed and precludes any other civil or criminal penalty for the same violation.

TEXAS WATER CODE ANN. § 7.068. The State argues payment of an administrative penalty by one person only relieves *that person* from further prosecution for the same violation. Appellees, on the other hand, argue payment of an administrative penalty by any party to the offense precludes further prosecution, either civil or criminal, against *any other party* to the same offense. The State contends the provision is more limiting and that appellees' interpretation would lead to absurd results and consequences the legislature could not possibly have intended.

We begin our analysis by noting the Water Code has its own provision relating to the construction of its sections. Section 1.002, entitled "Construction of Code," provides: "The Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision in this code, except as otherwise expressly provided by this code." TEX. WATER CODE ANN. § 1.002(a) (Vernon 2000). The Code Construction Act allows for consideration of extratextual factors regardless of whether the statute is ambiguous on its face. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). The Court of Criminal Appeals, however, has directly limited the use of the Code Construction Act in interpreting statutes by applying the "plain language" approach. *Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991). The *Boykin* court set forth the following rule when interpreting a statute: "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then,* out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such *extra* textual factors as executive or administrative interpretations of the statute or legislative history." *Id.* (emphasis in original). Thus, a potential conflict exists between the rule set forth in *Boykin* and application of the Code Construction Act. *L.B. Foster Co. v. State,* 106 S.W.3d 194, 202–03 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *Allen v. State,* 11 S.W.3d 474, 476 (Tex.App.-Houston [1st Dist.] 2000), *aff'd,* 48 S.W.3d 775 (Tex.Crim.App.2001).

◼ We may avoid this conflict, however, by turning to an exception created by the Court of Criminal Appeals in *Lanford v. Fourteenth Court of Appeals,* which provides that an ambiguity exists when the parties take polarized positions regarding the interpretation of a statute's text. *Lanford,* 847 S.W.2d 581, 587 (Tex.Crim.App. 1993); *L.B. Foster Co.,* 106 S.W.3d at 203;

*Allen,* 11 S.W.3d at 476. Because the parties here take polar opposite positions regarding whether section 7.068 applies to a single person or to all persons who commit a violation, we may presume an ambiguity exists. Therefore, we conclude that we may consider extratextual factors pursuant to the Code Construction Act in resolving the issue.

▌ A court's objective in construing a statute is to determine and give effect to the legislature's intent. *Lanford,* 847 S.W.2d at 586. If possible, we must ascertain the legislature's intent from the language of the statute and not resort to extraneous matters for an intent not stated in the statute. *Id.* When interpreting a statute, we consider the entire act, its nature and object, and the consequences that would follow from each construction. *Cameron v. State,* 988 S.W.2d 835, 842 (Tex.App.-San Antonio 1999, pet. ref'd). We must presume the Legislature intends an entire statute to be effective and that it favors public interests over private interests. Tex. Gov't Code Ann. § 311.021 (Vernon 1998). Additionally, under the Code Construction Act, we may consider other factors including, but not limited to, (1) the object sought to be obtained; (2) the circumstances of the statute's enactment; (3) the legislative purpose; (4) the common law or former statutory provisions, including laws on the same or similar subjects; and (5) the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023.

▌ We must first define a violation under the code to determine the scope of the statutory bar to further prosecution. In this case, the parties were charged with improper disposal of hazardous waste, which is prohibited by section 7.162 of the Water Code. *See* Tex. Water Code Ann. § 7.162 (Vernon 2000). Section 7.162 is entitled "Violations Relating to Hazardous Waste," and provides that "*a person* com-

mits an offense if *the person,* acting intentionally or knowingly with respect to the person's conduct ... stores, processes, exports, or disposes of, or causes to be stored, processed, exported, or disposed of, any hazardous waste without all permits...." Tex. Water Code Ann. § 7.162(a)(2) (emphasis added). The Code Construction Act defines a "person" as including a corporation. Tex. Gov't Code Ann. § 311.005(2) (Vernon 1998). Applying the plain meaning of section 7.162, a person, either an individual or a corporation, commits an offense if that individual or corporation violates the statute. Thus, when two persons act in concert to commit an offense under 7.162, each person commits a single violation, resulting in two violations.

▌ Here, the State alleged two corporations and four individuals acted in concert to violate 7.162 by improperly disposing of hazardous waste. Under appellees' logic, once the State chose to assess an administrative penalty against SeaTrax or Emmitt Properties, and either party paid the penalty, the remaining guilty parties would be discharged from liability. This interpretation, however, ignores the definition of a violation. Section 7.068 only prohibits further prosecution of a single violation for which an administrative penalty was paid. Tex. Water Code Ann. § 7.068. The State alleged six people violated section 7.162, and according to that section, a violation occurs when one person commits an act prohibited by the statute. *Id.* When six people are involved in an act prohibited by the statute, six separate violations have occurred, even though each one stems from the same act. Accordingly, payment of an administrative penalty by SeaTrax for its violation prohibits further prosecution only against SeaTrax and does not absolve appellees from liability.

██ We may also look to other laws which address the same or similar subjects. TEX. GOV'T CODE ANN. § 311.023. The Penal Code prescribes liability for a person acting on behalf of a corporation; section 7.23, subsection (a) of the Penal Code provides that "[a]n individual is criminally responsible for conduct that he performs in the name of or in behalf of a corporation or association to the same extent as if the conduct were performed in his own name or behalf." TEX. PEN.CODE ANN. § 7.23(a) (Vernon 2003). Further, the Penal Code provides that a person is responsible for his own conduct and that each party to an offense may be charged with commission of the offense. TEX. PEN.CODE. ANN. § 7.01 (Vernon 2003). The Penal Code also defines a violation of law in the same manner as the Water Code, by beginning each section containing a violation with either "a person commits an offense if the person . . ." or "a person commits an offense if he . . . ." *See, e.g.,* TEX. PEN.CODE ANN. §§ 19.02(b), 20.02(a), 21.07(a), 30.02(a) (Vernon 2003). The Penal Code defines a person as an individual, corporation, or association. TEX. PEN.CODE ANN. § 1.07 (Vernon 2003). Thus, under the Penal Code, a corporation and its employees may each be criminally responsible for the same acts which constitute a violation of law. TEX. PEN.CODE ANN. § 7.23. Accordingly, our interpretation of a violation is consistent with other code sections applying criminal liability.

Additionally, we may look to the legislative history for guidance in interpreting the provisions of the Water Code. TEX. GOV'T CODE ANN. § 311.023. Although there is no direct legislative history regarding section 7.068 or section 7.162, there was some discussion on the House floor relating to a similar provision. Debate on Tex. S.B. 1876 on the Floor of the House, 75th Leg., R.S. (May 27, 1997) (tape no. 222, side A, available from Texas House of Representatives, Communications Divi-

sion). During the discussion, Representative Chisum explained the scope of section 7.167(a)(1), a provision of the Water Code that prohibits making false statements relating to medical waste. TEX. WATER CODE ANN. 7.167(a)(1) (Vernon 2000); Debate on Tex. S.B. 1876 on the Floor of the House, 75th Leg., R.S. (May 27, 1997). Although the discussion does not directly relate to the statutory bar provision found in section 7.068, it does discuss the meaning of criminal liability under the act, and is instructive because that provision also begins its definition of a violation with "a person commits an offense if the person . . . ." TEX. WATER CODE ANN. § 7.167(a)(1); Debate on Tex. S.B. 1876 on the Floor of the House, 75th Leg., R.S. (May 27, 1997).

Representative Chisum expressed concern about a previous event in which several individuals claimed to ship hazardous waste to a proper disposal site; the waste, however, was abandoned on empty lots. Debate on Tex. S.B. 1876 on the Floor of the House, 75th Leg., R.S. (May 27, 1997). Representative Swinford questioned the extent of liability under the act by asking, "Under this act, the person that went into the hospital and picked up the medical waste, the person that drove the pickup, the person that took the trailer, and the person that dumped it out, all of these people would be [liable] under this act, right?" *Id.* Representative Chisum responded that all of those people would be liable, and the hospital would be liable as well. *Id.* Representative Chisum further explained that, especially in the area of hazardous waste, the parties involved in the disposal of waste are responsible for the waste virtually all the way to the disposal site. *Id.* It is clear the legislators intended the Water Code to impose more stringent standards when dealing with hazardous waste disposal and to assure that

each person be accountable for his actions that violate a provision of the code. *Id.*

Accordingly, we hold when an administrative penalty is paid for a violation, section 7.068 of the Texas Water Code bars subsequent prosecutions only for that violation. Here, SeaTrax was assessed and paid an administrative penalty for its violation of section 7.162; thus, the State is barred from further prosecution of Sea-Trax for its violation of 7.162. Appellees, however, committed separate violations under the Water Code, even though the violations are based on the same acts committed by SeaTrax. Accordingly, the State is not barred from prosecuting appellees individually for their actions because appellees are charged with separate violations under the Code for which no administrative penalty has been paid.

The State's sole issue on appeal is sustained. The judgment of the trial court is reversed and the cases remanded to the trial court further action consistent with this opinion.