

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00309-CV

IN RE NATURAL GAS CONSULTING & MEASUREMENT, LLC AND J. P. DAVIS, RELATORS

OPINION ON MOTION FOR REHEARING IN AN
ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

October 10, 2018

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Natural Gas Consulting & Measurement, LLC, and J.P. Davis (Natural Gas) petitioned for a writ of mandamus. We originally denied the petition because Natural Gas failed to comply with applicable rules of appellate procedure. The relators filed a timely motion for rehearing wherein they represented that actions were taken to correct the deficiencies in the petition. Their representation is correct. Consequently, we grant the motion for rehearing, withdraw our prior opinion denying the writ, and grant the petition in part.

Natural Gas asked us to issue a writ of mandamus directing the Honorable Ana Estevez, 251st District Court, Randall County (trial court), "to vacate her August 3, 2018

Ruling requiring Relator NGCM to identify by August 13, 2018, and later produce one or more witnesses to testify on its behalf, who may not assert the Fifth Amendment self-incrimination privilege without risking sanctions." Since the relators initially filed their petition, the trial court executed another order signed on September 14, 2018 directing 1) the relators to designate, within ten days, "one or more corporate representative(s) for deposition and that such representative(s) shall not have available to him/them the Fifth Amendment privilege against compelled self-incrimination"; and 2) that "[i]n the event that such representative(s) attempt to invoke the Fifth Amendment sanctions will be ordered for the deposition that took place on May 18, 2018 and for the second deposition of Defendant Natural Gas Consulting & Measurement, LLC." Natural Gas contends that 1) "[t]here is no absolute rule" preventing "the sole member and only knowledgeable representative of a limited liability company from invoking the Fifth Amendment right against compelled self-incrimination; and 2) "[r]elators should not be forced to elect between asserting their constitutional rights or facing sanctions by the trial court." We answer "yes" and "no."

The dispute arises from a civil suit wherein Amarillo Natural Gas, Inc., Paisano Natural Gas, Inc., Paisano Pronto, Ltd. and William Leslie Price (collectively referred to as Amarillo Gas) sued Natural Gas for damages. The conduct underlying the suit allegedly involves fraud, bribery, mail fraud, wire fraud, falsification of data, theft, breached fiduciary duty, conversion, and conspiracy. Amarillo Gas sought to depose various witnesses including Natural Gas LLC and Davis. The latter two apparently invoked the right to refrain from incriminating themselves. Amarillo Gas's attempt to obtain the deposition of Natural Gas L.L.C. via a corporate representative (coupled with

2

various motions and responses thereto and hearings thereon) resulted in the trial court entering the aforementioned September 14th order. The trial court found, during the hearing upon those motions, that "a corporate representative cannot plead the Fifth Amendment on an issue that has been designated when he is being deposed as a corporate representative." The court also said: "[i]f you choose to give Mr. Davis or someone that has these Fifth Amendment rights [in] their individual capacity, then the Court is finding that they do not apply as a corporate rep. It is not a waiver. I am saying there is no applications. So he will not be able to plead the Fifth."

That the rules of civil procedure permit Amarillo Gas to conduct the deposition of a corporation is not in dispute. Nor is it disputed that a corporation noticed for deposition is obligated to designate one or more individuals to testify on its behalf. TEX. R. CIV. P. 199.2(b)(1). To the extent that the September 14th order assures that right and mandates compliance with that duty, we find no fault with it. Concern arises with regard to the implications that the order has on the Fifth Amendment privilege against self-incrimination which may be invoked by the corporate representative. *See* U.S. CONST. amend. V (stating that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself). Though the Fifth Amendment itself refers to "any criminal case," its protection included incrimination in both civil and criminal proceedings. *In re Becker*, No. 07-18-00230-CV, 2018 Tex. App. LEXIS 5273, at *4-5 (Tex. App—Amarillo July 11, 2018, orig. proceeding).

A corporation and its human representatives are two distinct entities. Moreover, a corporation, like other "artificial entities" has no right under the Fifth Amendment of the United States Constitution to avoid incriminating itself. *Braswell v. United States*, 487

U.S. 99, 102-103, 108 S. Ct. 2284, 101 L. Ed. 98 (1988); *In re Russo*, 550 S.W.3d 782, 788 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).  This verity has been used to require corporate representatives who are the custodian of corporate records to produce those records even though doing so may tend to incriminate the representative. *In re Russo*, 550 S.W.3d at 788.  Yet, it is just as true that the same representative cannot be made to incriminate himself via "his own ***oral*** testimony."  *Braswell v. United States*, 487 U.S. at 114 (quoting *Curcio v. United States*, 354 U.S. 118, 77 S. Ct. 1145, 1 L. Ed.2d 1225 (1957) (emphasis added).  And, in Texas, no one can deny that a person acting on behalf of a corporation may be held criminally responsible for the conduct taken on behalf of the corporation.  *See* TEX. PENAL CODE ANN. § 7.23(a) (West 2011) (stating that "[a]n individual is criminally responsible for conduct that he performs in the name of or in behalf of a corporation or association to the same extent as if the conduct were performed in his own name or behalf."); *Ex parte Canady*, 140 S.W.3d 845, 850 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating the same).  From these, we derive the answer to the question at hand.  The trial court may compel a corporate representative to appear for deposition and testify on behalf of the corporation.  So too may it order the custodian of corporate books and records to produce same despite the chance that doing so incriminates both the custodian and the corporation.  But, the trial court may not compel the representative designated to testify on behalf of the "artificial entity" to provide oral testimony that would incriminate himself.

Next, we turn to the question of being sanctioned for invoking the right against self-incrimination.  To that end we note the Texas Supreme Court's admonishment that "[g]enerally, the exercise of the privilege [against self-incrimination] should not be

4

penalized." *Texas Dept. of Public Safety Officer's Assn. v. Denton*, 897 S.W.2d 757, 760 (Tex. 1995). This admonishment was founded upon United States Supreme Court precedent recognizing that "'[t]he Fourteenth Amendment [to the United States Constitution] secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement — the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, ***and to suffer no penalty*** . . . for such silence.'" *Spevack v. Klein*, 385 U.S. 511, 515, 87 S. Ct. 625, 17 L. Ed. 2d 574 (1967) (quoting *Malloy v. Hogan*, 378 U.S. 1, 8, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)) (emphasis added). Furthermore, the concept of penalty encompasses not only fines and imprisonment but also the imposition of any sanction rendering costly the assertion of the right to remain silent. *Id.* at 515 (involving the sanction of disbarment).

We do note that the general rule against penalizing the invocation of the right does not bar a trial court from taking steps to ensure that civil proceedings remain fair. *Texas Dept. of Public Safety Officer's Assn. v. Denton*, 897 S.W.2d at 760*.* But the steps are limited in both situation and extent. If plaintiff or a like party seeking affirmative relief uses his Fifth Amendment privilege to shield from disclosure outcome determinative data otherwise unavailable to the party against whom relief is sought, then sanctions may issue. *Id.* at 760-61. Yet, even then, those sanctions must be appropriate to the circumstances. *Id.* at 763.

Next, we apply the foregoing to the situation at hand. To the extent that Amarillo Gas seeks the discovery of books and records belonging to Natural Gas, the trial court can compel their disclosure via a deposition of its designated corporate representative and sanction the representative for invoking the Fifth Amendment as a shield against their

disclosure. To the extent that oral testimony is sought from the corporate representative which may incriminate that representative, the trial court may not prohibit him or her from invoking the Fifth Amendment privilege. Nor may it sanction the representative if the privilege is invoked outside the circumstances contemplated by the *Denton* court when discussing the offensive use doctrine. Such distinctions are not drawn by the trial court in its September 14th order. Instead, it imposes a blanket prohibition against invocation of the privilege and proposes to levy sanctions for the invocation of the right in any instance. That is a clear abuse of the discretion inherent in a trial court's authority to regulate discovery, and a clear abuse of discretion satisfies the first prerequisite for issuing mandamus relief. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) (stating that mandamus is an extraordinary remedy granted when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists); *In re Becker,* 2018 Tex. App. LEXIS 5273, at *1 (stating the same).

Furthermore, placing the representative in the dilemma of either relinquishing his right to remain silent and suffer sanctions or of complying with the judicial edict and incriminating himself is not a circumstance susceptible to easy remedy post-judgment. Words spoken cannot be unspoken; words uttered by the representative that incriminate him cannot be made to disappear via a reversal on appeal. Consequently, the second prerequisite for issuing mandamus relief exists, as well. Indeed, our Supreme Court has recognized that a writ of mandamus is available to address discovery orders requiring the disclosure of information subject to a privilege. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d

794, 802-803 (Tex. 2017) (orig. proceeding). The right to avoid self-incrimination is a privilege of constitutional magnitude.

We see from the record before us that the trial court was quite conscious of the circumstances and took care to tread as cautiously as it could. That leads us to believe that it also will be amenable to vacating its September 14th order and issuing another complying with the legal parameters mentioned here (should it care to again compel discovery). Should it not vacate the order within thirty (30) days, we will issue a writ of mandamus mandating that it be done.

Brian Quinn
Chief Justice